JEWEL CARMEN, Appellant, *v.* FOX FILM CORPORATION and Another, Respondents.

First Department, March 23, 1923.

Contracts — action to recover for wrongful interference with plaintiff's employment under contract — plaintiff entered into contract to act in motion pictures exclusively — defendants prevailed on employer to refuse to carry out contract on ground that plaintiff had contracts with defendants for same period — plaintiff demanded as damages loss of earnings — advice of counsel that defendants' contracts were binding on plaintiff no defense — dismissal of suit in equity in Federal court by plaintiff against defendants to have other contracts canceled not res judicata though dismissal not stated to be without prejudice — defense based on action of Federal court stricken out — defense that plaintiff did not endeavor to reduce damages stricken out.

In an action at law to recover damages sustained by the plaintiff by reason of the defendants' wrongful interference with the plaintiff's employment as a star actress in motion pictures under a contract with a third person, it appeared

that the plaintiff entered into the contract in question by which she was to act exclusively for the other party to the contract for a period of two years; that at the time of the execution of the contract she was a minor but she ratified the contract after becoming of age; that the defendants represented to her employer that they held two contracts for the services of the plaintiff for the period covered by its contract; that the employer, after receiving a bond from one of the defendants to save it harmless, refused to carry out its contract with the plaintiff.

*Held,* that it is no defense to this action to recover as damages the loss of earnings which was caused by the unlawful interference by the defendants, that the defendants acted on the advice of counsel to the effect that the contracts which they held with plaintiff were valid and enforcible, since there is no claim for punitive damages.

A decree of the United States Circuit Court of Appeals in a suit in equity by the plaintiff against the defendants, in which the plaintiff demanded an injunction to restrain the defendants from asserting the validity of their contracts and to adjudge their contracts to be null and void, and for damages for alleged malicious interference, reversing the decree and judgment of the District Court, and dismissing the complaint solely upon the ground that the plaintiff was not entitled to have the contracts canceled since she had fraudulently concealed her infancy at the time of their execution, is not *res judicata* in this action as to the validity and binding force of those contracts though the decree did not state that it was without prejudice to any further action by the plaintiff, and, therefore, the defense in this action, based on that decree, must be stricken out.

Likewise the partial defense that the plaintiff failed, neglected and refused to use reasonable diligence and effort to procure other employment should be stricken out, since there is no obligation on the part of the person who has been deprived of a contract of employment by the intentional wrong of a third person, to minimize the damage to the third person by entering upon other employment.

APPEAL by the plaintiff, Jewel Carmen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of May, 1922, denying her motion to strike out certain portions of the amended answers.

*Nathan Burkan,* for the appellant.

*Saul E. Rogers* [*Percy Heiliger* with him on the brief], for the respondents.

PAGE, J.:

The action is at law for damages sustained by reason of the defendant's wrongful interference with the plaintiff's employment under a contract with the Frank A. Keeney Pictures Corporation.

The complaint alleges that the plaintiff, a motion picture actress, on March 28, 1918, entered into a contract with the Keeney corporation, whereby said corporation agreed to employ her as a motion picture star actress for a term of two years commencing July 15, 1918. At the time of the execution of the contract the plaintiff was a minor, but she attained her majority on July 13,

1918, two days before the commencement of the employment. On July 15, 1918, the plaintiff being then of full age, ratified said contract by a written notice to the Keeney corporation, and the Keeney corporation accepted said ratification and ratified said contract on its part. The Keeney corporation permitted the plaintiff to commence the performance of the contract and paid her a stipulated salary for three weeks. The plaintiff was at all times ready, able and willing to fully perform said contract. The Keeney corporation was also, prior to the acts of interference of the defendants, ready, able and willing to perform the contract on its part. It is alleged that the defendants, with full knowledge of said agreement and of the readiness, ability and willingness of both the plaintiff and the Keeney corporation to perform the same, conspired to deprive the plaintiff of the benefits of said agreement and to injure her in her profession and to maliciously influence and induce the Keeney corporation to break and refuse to perform said contract. In order to accomplish such purpose the defendants falsely and maliciously represented to the Keeney corporation that the plaintiff was not free to render her services to the Keeney corporation during the terms of said contract; that two contracts made between plaintiff and defendants in the State of California were in full force, under which the defendants were entitled to the exclusive services of the plaintiff for the same period; that the defendants also threatened the Keeney corporation that they would by legal proceedings prevent said corporation from releasing, exhibiting and exploiting any motion pictures in the making of which the plaintiff's services were used. The defendants falsely represented that they had grounds to successfully prosecute such legal proceedings because of the existence in full force of such contracts between plaintiff and defendants. As a further means of inducing the Keeney corporation to break its agreement with the plaintiff, the defendants caused the defendant William Fox Vaudeville Company to enter into an indemnity agreement with the Keeney corporation, whereby said defendant agreed to hold the Keeney corporation harmless from any damage suffered in any action brought by the plaintiff for the breach of said contract, and to pay any judgment recovered by the plaintiff in any such action, and by reason thereof the Keeney corporation agreed not to employ the plaintiff in accordance with their agreement. The plaintiff demands damages in the sum of $43,500.

In their answer, the defendants set up three complete defenses and a partial defense. The plaintiff moved to strike out the second and third complete defenses and the partial defense. The allegations of the first defense had been incorporated in the three

defenses which the plaintiff sought to have stricken out. In this first defense the defendants plead a justification of their acts of interference. Their justification is based on two contracts annexed to the answer which were made between plaintiff and defendants. It is alleged that plaintiff was a resident of the city of Los Angeles and a citizen of the State of California and domiciled in said State; that on or about August 21, 1917, plaintiff was over the age of eighteen years, and in accordance with the laws of the State of California had full power and capacity to enter into a contract or contracts of employment; that in accordance with the Civil Code of California a contract of employment for more than two years was void and unenforcible as against the employee. By reason of this law and to comply with the same, and in order to have executed contracts of employment which would extend beyond the period of two years and which would be valid and enforcible and binding upon the plaintiff, two written contracts of employment were entered into, copies of which are annexed to the answer, one with the defendant William Fox Vaudeville Company, commencing October 17, 1917, and terminating two years thereafter, and one with the Fox Film Corporation, commencing October 17, 1919, and terminating on October 16, 1921; that the plaintiff duly entered into the employment and gave her exclusive services to the defendant William Fox Vaudeville Company until on or about July 15, 1918; that prior to July 15, 1918, the plaintiff executed a contract with the Keeney corporation substantially as set forth in Exhibit A, annexed to the complaint; that prior to July fifteenth the defendant William Fox Vaudeville Company notified the Keeney corporation that the defendants had valid contracts with the plaintiff for the period of which plaintiff agreed to give her exclusive services to the said Keeney corporation; that on or about July 15, 1918, the plaintiff notified the defendants that she repudiated the contracts by reason of her alleged incapacity to make said contracts, on the ground of infancy, and that prior to September 20, 1918, the plaintiff permitted the Keeney corporation to inspect the contracts, and the Keeney corporation for the purpose of avoiding litigation in respect to the validity of the various contracts made by the plaintiff, requested the William Fox Vaudeville Company to execute a paper writing holding the said Keeney corporation harmless from any claim by the plaintiff against the Keeney corporation, and in pursuance thereof the indemnity agreement annexed to the answer was executed, and the defendants claim that their acts were done in accordance with their absolute right to assert the validity of the said contracts and to protect their interests thereunder.

For a second defense, that the acts above specified were done in absolute reliance on the opinion of their attorney and counsel and in the honest belief by reason of such advice, of the validity of the said contracts, and by reason thereof the said acts of the defendants or either of them were done without malice, nor could any malice be implied therefrom.

For a third defense, the allegations of the first and second defenses are realleged, and it is set up that a suit in equity was brought in the United States District Court for the Southern District of New York, substantially upon the same cause of action as contained in the complaint herein, and an injunction prayed for to restrain the defendants from asserting the validity of their contracts and to adjudge their contracts to be null and void, and for $25,000 damages for alleged malicious interference by the defendants in depriving the plaintiff of employment under the contracts annexed to the complaint; that the defendants appeared and answered and that a trial was had which resulted in the decree granting the injunction and damages, upon the ground that the plaintiff was an infant when she executed the same; that the law of the State of New York applied as to her capacity to execute said contracts; that the plaintiff, by reason of her incapacity on the ground of infancy had the right to repudiate said contracts and had the right to enter into a contract with the Keeney corporation, and that the defendants had maliciously interfered with the contract, and that the plaintiff was entitled to damages for such unlawful and malicious interference in the sum of $43,721.25. (*Carmen* v. *Fox Film Corp.*, 258 Fed. Rep. 703.)

An appeal was taken to the United States Circuit Court of Appeals, and thereafter the said court reversed the decree and judgment, and in its opinion reversing said decree and judgment determined and found that the plaintiff was not entitled to any relief in a court of equity by reason of the improper acts of the plaintiff in repudiating her contracts with these defendants, and it further found and determined that the · Keeney corporation refused to perform the terms, provisions and conditions of the paper writing which was identical to Exhibit A, annexed to the complaint, after ascertaining that the plaintiff had contracts with the defendants extending beyond July 15, 1918, and in order to avoid litigation, and found that at the time the plaintiff made her contract with the Keeney corporation there was doubt whether the plaintiff was legally free to execute said contract, and more particularly as to whether the New York or California law applied as to a right to repudiate said contracts with the defendants; that judgment was duly entered reversing the decree of the Circuit

Court and adjudging that the bill of complaint in said action be dismissed, with costs. (*Carmen* v. *Fox Film Corp.*, 269 Fed. Rep. 928.) Thereafter, an application was made to the United States Supreme Court for a writ of certiorari to review said decree, and after hearing said petition that court (*Carmen* v. *Fox Film Corporation*, 255 U. S. 569) denied the application for the writ of certiorari, by reason whereof the said decree is *res adjudicata* of this action. Then for a partial defense the defendants plead that the plaintiff failed, neglected and refused to use reasonable diligence and effort to procure such other employment during said period.

The plaintiff moved to strike out the second defense on the ground that it was insufficient in law. The action was brought to recover merely the compensation that the plaintiff would have earned under her contract had not the defendants interfered therewith. The malice that is alleged in the complaint is malice in law and not malice in fact. There is no claim for punitive damages, and, therefore, it is not a defense that the defendants acted under advice of counsel. The malice is implied from their wrongful interference with the contract of employment, and it makes no difference, if their interference was wrongful, whether they were advised by counsel that they could legally commit the acts of interference.

The third defense is also sought to be stricken out on the ground that it is insufficient in law. The opinion of the Circuit Court of Appeals is attached to the affidavit of Nathan Burkan, and it appears from that opinion which in the Federal equity courts amounts to findings of fact and conclusions of law that the judgment was reversed and the complaint dismissed solely upon the ground that the complaint alleged that she was a minor when she entered into the contracts, and that by making the contracts she had represented herself to be free to do so; that the concealment of her infancy under such circumstances was a fraud, and that the court of equity would not grant relief to a person who did not come into court with clean hands, and, therefore, the complaint was dismissed.

The decree of the Circuit Court of Appeals is not exhibited before us, but it is alleged in the answer that the decree ordered, adjudged and decreed that the bill of complaint in said action be dismissed, with costs. It is argued on behalf of the defendants that as the decree did not contain the words " without prejudice," it must be conclusively presumed to have been upon the merits and, therefore, *res adjudicata* in this action.

In my opinion this is not the law with regard to decrees of courts of chancery, for the reason that courts of chancery frequently

dismiss the complaint on the ground that the plaintiff has an adequate remedy at law or that for some moral reason, which would not obtain in an action at law, the court would refuse to exercise its jurisdiction, and, therefore, assuming that the decree is made in the form that the defendants assert, if the court, on looking into the record and the opinion of the Circuit Court of Appeals which is a part of the record of the case, is able to ascertain that the decision was not upon the merits but that it was a mere refusal to give the party the benefit of the aid of the court of equity in granting equitable relief, because the plaintiff did not come into court with clean hands, and the particular delinquency that prevented the equitable relief would not be a defense to an action at law, then the decree in equity does not bar the action at law.

The counsel for the respondent has quoted from *Durant* v. *Essex Co.* (74 U. S. 107), but has omitted from the middle of the quotation the words which I have italicized: " The decree dismissing the bill in the former suit in the Circuit Court of the United States being absolute in its terms, was an adjudication of the merits of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties. *A decree of that kind, unless made because of some defect in the pleadings, or for want of jurisdiction, or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination.* Where words of qualification, such as ' without prejudice,' or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits.

" Accordingly, it is the general practice in this country and in England, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decree that the dismissal is without prejudice. The omission of the qualification in a proper case will be corrected by this court on appeal."

With these qualifying words which were omitted, it will be seen that the rule is not as counsel states it. This court has frequently admonished counsel of the futility of attempting to mislead the court by misquotation of authority. It not only is generally unsuccessful, but its effect upon counsel's standing with the court is such that reputable counsel would seek to avoid it. I, therefore, am of opinion that the motion should have been granted as to this defense. The partial defense should also have been stricken out as insufficient, for the reason that while there is a duty as between employer and employee, for the employee to minimize the damage flowing from a breach of the contract, there

. is no obligation on the part of a person who has been deprived of the contract of employment by the intentional wrong of a third person to minimize the damage to the third person by entering upon other employment. (*Norske Ameriekalinje* v. *Sun P. & P. Assn.*, 226 N. Y. 1, 8.) The defendants claim that the plaintiff could only work for them, and it was on that claim that they sought to justify their interference with the employment of the plaintiff by the Keeney corporation. It is to be presumed, if she had obtained employment of the same kind and character with someone else, that the defendants would also have interfered with that employment. This defense should also be stricken out.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.