FRANK MESSINA, Respondent, *v.* CONTINENTAL PURCHASING Co., INC., Appellant·

Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion; McNamee, J., concurs in the opinion of Rhodes, J., in a separate opinion.

RHODES, J. (dissenting). The complaint which has been sustained by the court below (not reported) alleges in substance that the defendant acquired by purchase a judgment against the plaintiff, and that the defendant induced plaintiff to assign to defendant all his wages and any claim for future wages as collateral security for the payment of said judgment; that said agreement is against public policy and void; that defendant filed said agreement with the Delaware, Lackawanna and Western Railroad Company, by whom plaintiff was employed, thereby causing plaintiff's dismissal from such employment; that after such dismissal said railroad company notified plaintiff that it would be necessary for him to obtain a withdrawal of said agreement before plaintiff could be reinstated in the employment of said railroad company; that thereupon plaintiff sent a letter to defendant explaining the situation, and requested defendant to withdraw said agreement in order that plaintiff could thereby secure employment; that defendant has refused to withdraw the same and has so notified plaintiff, and that by reason of plaintiff's dismissal he has been unable to obtain other employment, and has thereby sustained damage.

The learned court below was of opinion that the said agreement was against public policy and void, and his opinion concludes with the following: " If the assignment is void and the filing thereof and the defendant's deliberate refusal to withdraw it when advised of the effect of its filing, has resulted in the loss of the plaintiff's job, may he not have suffered damage which he can recover?"

It is unnecessary now to determine whether said agreement was against public policy and void. Without deciding that question, but for the purpose of discussion, it may be assumed that it was void. The question then remains whether plaintiff, upon the facts alleged, is entitled to damages against the defendant.

The cause of action, if any, which is attempted to be alleged is for wrongful interference with plaintiff's contractual rights, or for inducing a third person to refrain from the formation of a contract with the plaintiff. There is no uncertainty about the rule that wrongful interference with one in his employment constitutes an actionable wrong. ( *Norske Ameriekalinje* v. *Sun P. & P. Assn.*, 226 N. Y. 1; *Carmen* v. *Fox Film Corp.*, 204 App. Div. 776; *Warschauser* v. *Brooklyn Furniture Co.*, 159 id. 81; *Woody* v. *Brush*, 178 id. 698; *Curran* v. *Galen*, 152 N. Y. 33; *Posner Co*, v. *Jackson*, 223 id. 325.) And it is equally actionable for a person wrongfully

to induce others to refrain from the formation of contracts with the person alleged to have been damaged. (*Hanchett* v. *Chiatovich*, 101 Fed. 742; *Lewis* v. *Bloede*, 202 id. 7.)

There is no allegation in the complaint that the acts of the defendant were done for the purpose of procuring defendant's discharge or preventing his employment; nor is there any allegation that the defendant was guilty of any misrepresentation or wrongful purpose or intention in connection with the facts alleged. Certainly the defendant had a right to attempt to collect its judgment. If the defendant had procured a garnishee execution against plaintiff, and filed the same with the employer, certainly such action would not have been wrongful. The assignment in question may not have been as effective as a garnishee execution, but in what respect was its filing with the employer wrongful or unlawful any more than would have been the filing of a garnishee execution, even assuming that such assignment was void and unenforcible. It constituted notice to the employer that defendant had an unpaid judgment against plaintiff. If the assignment was void as against public policy, the employer was presumed to know that fact; hence, whatever the employer did was not the result of any misrepresentation, misapprehension or coercion. So long as the means employed by defendant were lawful, it is of no consequence that the motive which induced such act was malicious. (*Roseneau* v. *Empire Circuit Co.*, 131 App. Div. 429.)

As the complaint alleges no actionable wrong, it, therefore, fails to set forth a cause of action.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

McNamee, J., concurs with separate opinion.

McNAMEE, J. (dissenting). The defendant owned a valid judgment for $100 against the plaintiff, which remained unpaid. The parties entered into a written contract, using a blank form intended for an entirely different purpose, but artlessly adapted to their end. The document is clear, however, in the provisions which give rise to this lawsuit. The contract contained a promise on the part of the plaintiff to pay the defendant the amount of the judgment ($100), " to be paid in the following manner: $2.00 on July 15, 1934, and $2.00 every other week thereafter as long as employed." And to further secure the promise, the contract contained a collateral assignment of " all wages or claim for wages, salary or commission earned or to be earned, and all claims or demands due from any person, firm or corporation * * * whatsoever until my obligations have been paid in full." The instrument authorized the defendant to make collection, and " to take all legal measures which may be proper or necessary," for that purpose; and authorized any employer or person owing the plaintiff money " to pay the said demand or claim " to the defendant.

The contract was filed with plaintiff's employer, the Delaware, Lackawanna and Western Railroad Company; and thereafter the plaintiff was discharged on that account. The defendant declined to withdraw the assignment from the employer upon the request of plaintiff's lawyer, unless the arrears of six dollars were paid, and unless the lawyer " vouched " that future payments would be made as agreed. Thereupon this action was brought. The undercurrent of the argument here in support of plaintiff's cause has had to do with the greatest of the cardinal virtues, to which all will subscribe; but the question before us is the legal sufficiency of the complaint.

The complaint alleged the making of the agreement, " as collateral security for the payment of the said judgment;" the promise therein to pay two dollars weekly; plaintiff's employment by the Delaware, Lackawanna and Western Railroad Company; the discharge of plaintiff by the railroad company because of the filing of the assignment; the refusal of the defendant to cancel the filing, and plaintiff's inability to secure other employment. A copy of the contract is annexed to the complaint, and no other material facts were alleged. Plaintiff seeks damages in the sum of $10,000.

The action sounds in tort. The question is, what tort, what act, what actionable wrong has the defendant committed? The complaint was held sufficient by the Special Term, and is being held sufficient by this court on the grounds that the contract was against public policy and void; and that its filing was an unlawful interference with the employment contract between the plaintiff and railroad company, and an inducement of the railroad company to discharge the plaintiff.

It will be observed that the contract provided for the payment of only two dollars per week, and that only while the plaintiff was employed. The statute permits the taking of ten per cent of plaintiff's wages by garnishee process, which might amount to even more (Civ. Prac. Act, § 684), as there is nothing in the record to show the wages received by the plaintiff. (Pers. Prop. Law, § 46.) And such a proceeding would involve the expense of employing an attorney, and costs, to be borne finally by the plaintiff. These were avoided by the course pursued. Surely competent parties may do for themselves out of court what may be effectuated in their behalf by legal process, and may even waive statutory provisions to that end. And, accordingly, if the sum to be paid weekly differed from that which may be taken forcibly by law, the parties might so agree, especially when the payment involved is only two dollars a week. The claim that the contract assigned absolutely " all " of plaintiff's wages is wholly without foundation, and the question of public policy is not present.

To say that defendant's filing of the contract was not contemplated, or was wrongful, is equally without basis. By its terms it provided for the collection of a part of plaintiff's wages, and even the right to sue therefor. It is not reasonable to say that the defendant could demand and sue, but could not file the contract. Had the judgment creditor sued out garnishee process, necessarily that would have to be filed in the same way in order to be effectual. Would the railroad company have looked with a kindlier eye on legal process than upon the contract of the parties? Unlawful " interference " with a contract is predicated on a valid contract, and an intentional and unlawful intervention between contracting parties, and the successful inducement of a breach, or a discharge. And to these may be added a purpose to injure, or to gain an advantage. (*Campbell* v. *Gates*, 236 N. Y. 457, 460; *Hornstein* v. *Podwitz*, 254 id. 443, 447, 448.) Here no evil intention, nor malice, nor illegal act or means is alleged; nor any purpose to injure the plaintiff, nor any advantage to the defendant, or another.

No act or course is alleged upon the part of the defendant, except that which the contract permitted and contemplated. There is not the slightest suggestion in the complaint that the defendant did anything, or said anything to the railroad company or its employees, to induce the company to discharge the plaintiff. On the contrary, the employment of the plaintiff was in the interest of the defendant, because his weekly installments were not payable when the plaintiff was not

employed. And it is evident that the company discharged the plaintiff in the pursuit of its own policy, and as its voluntary act, and not in compliance with the wish of the defendant, nor in his interest, nor upon his solicitation. In my judgment, the complaint does not state a cause of action, and should be dismissed.