Ervin Hill and Fannie Hill, Appellees and Cross-Appellants, v. Bell Discount Corporation, a Corporation, Defendant-Appellant.

**Gen. No. 48,808.**

First District, First Division.

February 25, 1963.

Rehearing denied March 21, 1963.

William S. Blatt, of Chicago, for appellant.

Joseph J. Attwell and Wilson Frost, of Chicago, for plaintiffs-appellees and cross-appellants.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs cross-appeal from a judgment in their favor, on the ground that the damages awarded them are inadequate. This is the sole question for determination, since defendant-appellant has abandoned its appeal.

Plaintiffs brought this action in equity to restrain the continuing use of a wage assignment which was executed by them as part of a conditional sales agreement for the purchase of an automobile. The court entered a decree cancelling the instrument and permanently enjoining defendant from its use, and retained jurisdiction to assess damages. After hearing evidence, the court assessed plaintiffs' damages at $2,200, and entered judgment against defendant for that sum.

Plaintiff Ervin Hill, a tractor operator, was discharged by his employer when the latter was served by defendant with a wage demand and a copy of the wage assignment. In the supplemental decree assessing damages, the chancellor found that plaintiff Ervin Hill, having been discharged "on or about July 1, 1959, remained unemployed until January 29, 1962, during which time he did not work and did not earn any money whatsoever." The record indicates

that plaintiff Hill's loss of earnings for that period was in excess of $12,000.

The court also found that plaintiff Ervin Hill "having had considerable experience as a tractor operator, chipper and grinder that he primarily sought employment in such skilled jobs and did not seek work as an unskilled laborer or work which paid less than what he had been earning," and that he "did not make sufficient efforts to mitigate the loss he suffered, and that he was under a duty under law to attempt to mitigate his damages and loss."

Plaintiffs' theory is that they are entitled to $12,005.76, which is said to be the full amount of earnings lost by plaintiff Ervin Hill minus sums received as unemployment compensation during the period of unemployment resulting from defendant's unlawful use of the wage assignment. Plaintiffs argue that since defendant's unlawful interference with Hill's employment was "intentional and persistent," Hill was under no duty to seek other employment in order to mitigate the damages attributable to defendant's use of the wage assignment.

The authorities cited in support of plaintiffs' contention indicate that "the rule requiring one to minimize the damages arising from an injury to property does not apply in cases of intentional or positive and continuous torts" (McCullagh v. Goodyear Tire & Rubber Co., 342 Mich 244, 69 NW2d 731, 738 (1955)), and that "there is no obligation on the part of a person who has been deprived of the contract of employment by the intentional wrong of a third person to minimize the damage to the third person by entering upon other employment." Carmen v. Fox Film Corp., 204 App Div 776, 783, 198 NYS 766, 771 (1923).

Plaintiffs cite no authority to indicate that the foregoing broad principle has been applied in Illinois. We

are not persuaded that it should be applied in the instant appeal.

In Kelly v. Chicago Park Dist., 409 Ill 91, 98 NE2d 738 (1951), (at p 98), our Supreme Court quoted with approval statements made in State v. City of Miami, 13 So2d 707:

> "The principle of 'avoidable consequences' upon which the reduction of damages rule is grounded is not confined entirely to the narrow limits suggested by the appellant. It finds its application in virtually every type of case in which the recovery of a money judgment or award is authorized. (Sedgwick on Damages, 9th ed, sec 204, p 390; 15 Am Jur, sec 27, p 420; 25 CJS, Damages, sec 33, p 499.) It addresses itself to the equity of the law that a plaintiff should not recover for those consequences of defendant's act which were readily avoidable by the plaintiff. Sutherland on Damages, (1844) vol 1, p 226, et seq."

Earlier, in Williams v. Chicago Coal Co., 60 Ill 149 (1871), in considering an action by an employee against a company for wrongful discharge, our Supreme Court said (p 155):

> "The law will not permit him to so conduct himself as to aggravate the damages. He must not lie idle when it is practicable to get work of the same general character."

We also note similar statements in William v. Scott, 70 Ill App 51 (1897) and Slater v. Chicago Transit Authority, 5 Ill App2d 181, 185, 125 NE2d 289 (1955). From the foregoing Illinois authorities, we conclude, as found by the trial court, that the rule to be applied in this state is that plaintiff Hill "was under a duty under law to attempt to mitigate his

damages and loss." As the record before this court does not include the testimony of any witness, this court will presume to be correct the findings by the chancellor that the plaintiff "made insufficient efforts to find employment during the said period of his unemployment," and "did not seek work as an unskilled laborer or work which paid less than what he had been earning." Therefore, it follows that the damages awarded to plaintiff by the trial court, in the sum of $2,200, should be affirmed.

Affirmed.

BURMAN, P. J. and ENGLISH, J., concur.