Sylvia R. Scheinfeld, et al., etc., Plaintiffs-Appellees, v. Muntz TV, Inc., a Delaware Corporation, Defendant-Appellant.

Muntz TV, Inc., a Delaware Corporation, Plaintiff-Appellee, v. Breuer Electric Mfg. Co., an Illinois Corporation, Defendant-Appellant.

Gen. No. 50,451.

First District, Third Division.

January 13, 1966.

8

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (John J. Edman and Frank L. Winter, of counsel), for Muntz TV, Inc., defendant-appellant and plaintiff-appellee; Wilson & McIlvaine, of Chicago (Clarence E. Fox, George W. Thompson, and Charles R. Staley, of counsel), for Breuer Electric Mfg. Co., defendant-appellant.

Mitchell Edelson, of Chicago, for Sylvia R. Scheinfeld, et al., etc., plaintiffs-appellees; Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (John J. Edman and Frank L. Winter, of counsel), for Muntz TV, Inc., plaintiff-appellee, and defendant appellant.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This case is a consolidation of two actions for unpaid rent. In the first a lessor confessed judgment against its lessee and in the second the lessee confessed judgment against its sublessee. The defendants in both actions appeal from the order denying their motions to open up the judgments. The principal issue is whether, within the framework of the following facts, the lessor had an obligation to mitigate damages.

The plaintiffs, Sylvia Scheinfeld and Rose Edelson (d/b/a Greenleaf Investors and hereinafter referred to as Greenleaf) owned a warehouse located at 1810 Greenleaf Avenue, Chicago. On January 30, 1956, Greenleaf leased the warehouse to the defendant, Muntz TV, Inc., for a period of 10 years. On April 26, 1960, Muntz, with the written consent of Greenleaf, sublet the warehouse at the same rental to the defendant Breuer Electric Mfg. Co. Greenleaf's consent expressly provided that no further subletting would be permitted without its written agreement. Due to a subsequent change in its operation, Breuer's further occupation of the premises became uneconomical; and in February, 1964, it sought to sublet the building for the same use but for lower rental to Calumet Manufacturing Company, an apparently reputable and responsible tenant, and requested the consent of Muntz and Greenleaf. Breuer stated that it would make up the difference in rent. Muntz agreed to the further sublease provided it was approved by Greenleaf. Upon Greenleaf's refusal to accept Calumet as a sublessee, Breuer vacated the warehouse, notified both Muntz and Greenleaf that it considered its obligations under its lease ended and requested that Muntz mitigate damages. Muntz gave the same notice and made the same request of Greenleaf as to its own lease.

Greenleaf confessed judgment for unpaid rent against Muntz and Muntz in turn confessed judgment for unpaid rent against Breuer. Both Muntz and Breuer moved to open the respective judgments. Each alleged that it had a meritorious defense because of the failure to mitigate damages and that it had been diligent in presenting its motion; each asked leave to file an answer and also sought to file a counterclaim to recover from the prime lessor and sublessor, respectively, sums deposited as security for rent. Affidavits were filed in support of the motions.

11

The two cases were consolidated. The trial court denied both motions.

Breuer contends on appeal that the affidavits and exhibits submitted in support of its motion to open the judgment were in proper form and that the defense set forth in the affidavits and exhibits was meritorious in fact and in law. Muntz approves Breuer's contentions but applies them against Greenleaf. Greenleaf argues that the affidavits of both defendants were deficient in form and content, stated conclusions and not facts, were not made upon the personal knowledge of the affiants and, even if accepted, did not as a matter of law state a good defense to Greenleaf's claim for the unpaid rent.

■■ On a motion to open a judgment by confession, facts stated in an affidavit must be taken as true; and if a defendant sets up a good defense to the whole or part of the claimant's claim the trial court must open the judgment and set the cause for trial. Automobile Supply Co. v. Scene-In-Action Corp., 340 Ill 196, 172 NE 35 (1930); Ill Rev Stats 1963, c 110, § 101.23. A defendant's affidavit is to be liberally construed to the end that controversies may be determined according to the substantive rights of the parties. Supreme Court rule 23 provides that an affidavit in support of the motion shall be in the manner provided by rule 15, which applies to summary judgments. Rule 15 of the Supreme Court (Ill Rev Stats 1963, c 110, § 101.15(1)) states that summary judgment affidavits shall be made upon the personal knowledge of the affiant and shall affirmatively show that the affiant, if sworn as a witness, could competently testify to the facts set forth in the affidavit.

■ The defendants' affidavits were four in number and were made by the secretary of Muntz, by its attorney and by the vice president of Breuer. The affidavit of the attorney for Muntz stated explicitly that he was a competent witness with personal knowledge of the matters he alleged. It is apparent that the affidavits of the

secretary of Muntz and the vice president of Breuer were based upon their personal knowledge; a reasonable inference is that, if sworn as witnesses, they could testify competently as to the asserted facts. Where it affirmatively appears from the whole of the affidavits that the affiants would be competent witnesses, the requirement of rule 15(1) in that regard is satisfied; no express statement of the affiants to that effect is necessary. Ragen v. Wolfner, 43 Ill App2d 70, 192 NE2d 560 (1963).

 In determining whether the factual allegations in the affidavits of Breuer and Muntz established a good defense we may, since the two actions were consolidated, consider all the facts submitted by both. The exhibits attached to the affidavits constitute part of the affidavits, and both the affidavits and exhibits are available to establish defenses to the judgments. Ill Rev Stats 1963, c 110, § 36. Although rule 15(1) distinguishes between conclusions and facts it does not require that the facts be set forth with evidentiary detail. We have examined the affidavits and the exhibits and we find that they contain the following data: the provisions of the Muntz lease and the Breuer sublease; Breuer's desire to sublet because it had no further need for the premises; Breuer's efforts to locate a subtenant; the tender of Calumet as sublessee for the duration of the Breuer sublease; statements of Calumet's business history and of the provisions of the proposed Calumet sublease indicating that Calumet would be a suitable sublessee and would use the premises for the same purpose as did Muntz and Breuer; Breuer's continuing obligation to pay the difference between the rental called for in its lease and the rental in the Calumet sublease; Muntz's conditional approval of the Calumet sublease; Greenleaf's refusal to consent to the Calumet sublease only because Calumet would not pay rent approximating the rental paid by Breuer; the resulting failure of Calumet to enter into the sublease; the consequent inability of Breuer to sublease the property to

13

anyone because of the prevailing condition of the real estate market; the repudiations of the lease and sublease by Muntz and Breuer and their requests that damages be mitigated. These are factual allegations and in that regard sufficiently comply with the requirements of rules 23 and 15.

The affidavits are not substantially deficient in either form or content and must be accepted as supporting the legal defense advanced by the defendants. Therefore, the controlling question is whether a lessor has the duty to mitigate damages if a suitable subtenant is secured and tendered by the lessee.

The same question was before this court in the case of Wohl v. Yelen, 22 Ill App2d 455, 161 NE2d 339 (1959). There, as here, the lease provided that the tenant was not to sublet the premises without the written consent of the landlord. Before the expiration of the lease the tenant abandoned the premises and tendered a suitable subtenant to the lessor. The lessor refused to accept the subtenant and confessed judgment for the unpaid rent. The tenant moved to open the judgment and submitted an affidavit which set out the lessor's refusal to accept the subtenant and to mitigate damages. The trial court denied the motion and the tenant appealed.

This court thoroughly reviewed the Illinois decisions bearing on the duty to mitigate damages, including those on which Greenleaf relies, and found them in conflict and the law unsettled. It would serve no purpose to analyze these cases again. We also found the same conflict in other jurisdictions, with the majority against requiring mitigation in lease contracts and the minority applying a rule of mitigation similar to that used in other contracts. We examined the objections generally raised to mitigation and found them inapplicable to the facts at hand. We held that the duty to mitigate damages applied to lease contracts and concluded that the trial court erred in denying the tenant's motion to open judgment.

Greenleaf urges us to disregard our decision in Wohl v. Yelen first, because we also held in that case that the landlord had waived the prohibition against subleasing the premises and that the prohibition once waived ceased to exist as one of the provisions of the lease; second, by asserting that no consideration was there given to the principle that a lease as a conveyance of an estate in land requires the lessee to pay the rental whether or not he occupies the premises; and third, by asserting that we did not consider the argument (made in this case) that the general obligation in the law of contracts to mitigate damages has no application to a lease absent a mandatory provision therein requiring the landlord to relet the premises.

There were two reasons for our decision in Wohl v. Yelen: one was the waiver by the landlord of the restriction against subleasing, but the other was the landlord's duty to mitigate damages when tendered a suitable sublessee. Our decision was based on these alternate grounds and neither ground can be regarded as obiter dictum. Flug v. Craft Mfg. Co., 3 Ill App2d 56, 120 NE2d 666 (1954); Larson v. Johnson, 1 Ill App2d 36, 116 NE2d 187 (1954).

In reaching our decision we rejected the contention that a defaulting lessee's obligation to pay the full rental is absolute whether or not he occupies the leased premises, where the lessee tenders a suitable sublessee and thus raises the landlord's duty to mitigate damages. Invocation of the principle that a lease is a conveyance of an estate in land does not impeach the duty. On the contrary, application of the mitigation of damages rule is consistent with the landlord-tenant relationship; for example: the property relations between Greenleaf and Muntz and between Muntz and Breuer would not have been affected had the Calumet sublease been consented to; Greenleaf could still have looked solely to Muntz and Muntz solely to Breuer for performance of the covenants

óf the lease and sublease. Moreover, since Wohl v. Yelen holds that a condition precedent to the landlord's duty to mitigate is the tender to him of a suitable tenant as sublessee, there is no possibility that the landlord's actions might be taken as an acceptance of the lessee's abandonment of his estate in land or a termination of the landlord-tenant relationship.

■ The argument that the landlord's duty to mitigate arises only if the lease so provides, is relevant where the provisions of the lease cover the landlord's duty to mitigate damages; where, however, there is no provision in the lease expressing the intent of the parties on this specific subject matter, it is the law of contracts which implies that duty. Brant v. Gallup, 111 Ill 487, 53 Am Rep 638 (1885); cf. Kelly v. Chicago Park Dist., 409 Ill 91, 98 NE2d 738 (1951), and Hill v. Bell Discount Corp., 39 Ill App2d 426, 188 NE2d 517 (1963). Since neither the prime lease nor the sublease in the instant case provides that the respective landlords shall have no duty to mitigate damages, this court would not be eliminating any of the express provisions of either lease in applying the mitigation rule.

■■ We reaffirm, therefore, our holding in Wohl v. Yelen that the contractual rule compelling mitigation of damages applies to leases. In doing so we emphasize that the validity of the provisions of the lease and sublease in the present case prohibiting assignment and subletting without the landlord's consent and giving the landlord the option to rerent on such terms as he sees fit, is not in question. We do not mean that the landlord must accept any subtenant submitted by the lessee, that he must grant a new lease to the proposed subtenant, that he must release the lessee from further responsibility for rent or that he must rent his property for a purpose which might damage it. The landlord's duty to mitigate damages does not prevent him from exercising his choice of

16

tenants in rerenting the premises. But when the duty to mitigate is raised by the tender of a suitable sublessee, the option of the landlord lies between consenting to the sublease or crediting the tenant with the amount which would have been paid by the sublessee had he been accepted. The landlord may not arbitrarily reject a suitable sublessee and yet continue to hold the tenant liable for the whole rental in default. Thus, in the case at bar, Breuer should be credited on its indebtedness to Muntz with the rental it could have received from Calumet, and Muntz should receive like credit on its indebtedness to Greenleaf, if it is established that Calumet would have been a reputable and responsible tenant.

Although there are some minor differences in the provisions of the Greenleaf-Muntz lease and the Muntz-Breuer sublease and some variations in the affidavits and exhibits accompanying the Muntz and Breuer motions, the factual situations of Muntz and Breuer are alike and their legal positions as defendants are identical. Muntz's legal position as the lessee of Greenleaf is the same as that of Breuer as the sublessee of Muntz; on the other hand its legal position as sublessor to Breuer is identical with that of Greenleaf as lessor to Muntz. If Muntz is not entitled to judgment against Breuer, then Greenleaf is not entitled to judgment against Muntz. There is no reason why Muntz should pay all the rental called for in the Greenleaf-Muntz lease if Breuer does not have to pay all the rental called for in the Muntz-Breuer lease. While Muntz did not offer Calumet to Greenleaf as its own subtenant, it approved of Calumet as Breuer's subtenant, conditioned its approval, as it had to, upon the approval of Greenleaf and urged Greenleaf to accept Calumet as Breuer's subtenant. It was unimportant to Greenleaf whether Calumet was to be a sublessee of Breuer or a sublessee of Muntz for in neither event would there be privity of contract or privity of estate between

17

it as prime lessor and the sublessee. Either way Greenleaf would have had a right of action only against Muntz.

Under the factual situation confronting Muntz there was no need for it to take a firm position either as lessee or sublessor when to have done so before the legal issue in the case was determined would have been inimical to its interests. It could have been unreasonably jeopardized, depending upon the ultimate decision in the case, if it were forced to align itself irrevocably with either Greenleaf or Breuer. Muntz was caught between them and the duality of postures assumed by it in the trial court was not only prudent but was tenable and legally permissible. While it could have proceeded by way of declaratory judgment, the remedial procedure chosen was not incorrect. Neither Greenleaf nor Breuer has been prejudiced by the course chosen by Muntz, and Muntz is not estopped from benefiting from the reversal of the Greenleaf judgment because it obtained a judgment against Breuer.

The order denying the motions of Muntz and Breuer to open their respective judgments and to file their answers and counterclaims is reversed. The cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

SULLIVAN, P. J. and SCHWARTZ, J., concur.