Stephen J. Reget and Mary E. Reget, Plaintiffs-Appellees, v. Dempsey-Tegeler & Co., Inc., a Corporation, Defendant-Appellant.

Gen. No. 67–140.

Fifth District.

June 17, 1968.

Lueders, Robertson & Konzen, of Granite City, for appellant.

Kenneth F. Kelly, of Granite City, for appellees.

MORAN, J.

Defendant appeals from a judgment of the Circuit Court of Madison County where the court allowed plaintiffs' motion for summary judgment.

The plaintiffs and defendant entered into a lease agreement in December, 1960, which provided that the defendant would lease premises owned by the plaintiffs. This suit involves a claim for rent accrued from April, 1965, through December, 1965, the termination date of the lease. The defendant's answer to the complaint alleged that the plaintiffs failed to mitigate damages by failing, neglecting and refusing to use due diligence in acquiring a subtenant or new tenant.

Plaintiffs then filed a motion for summary judgment on the ground that there was no defense to their cause of action for rent because the only defense asserted by the defendant was that plaintiffs failed to use due diligence to obtain a suitable subtenant or tenant, and that this did not constitute a valid defense. In opposition to the motion for summary judgment, the defendant filed an affidavit sworn to by an employee of a real estate firm which stated that the reasonable and fair rental value of the premises from April 1, 1965, through December 1, 1965, was $200–$225 per month for use as a business office, and that inquiries were received by the real estate firm from prospective tenants to lease said premises for business use for rental up to $250 per month, and that the inquiries were turned over to the plaintiffs.

279

The appellant contends that summary judgment cannot be awarded because the appellant should be given an opportunity to present evidence that the plaintiffs completely failed to do any acts to attempt to mitigate damages.

The majority rule in the United States is that the landlord has no duty whatsoever to mitigate damages in a case of this kind, even to the extent that he can arbitrarily refuse a suitable subtenant offered by the lessee. 31 ALR2d, p 831; 51 CJS, Landlord and Tenant, p 550, § 36; 32 Am Jur, Landlord and Tenant, § 412, p 338. The rationale is that the tenant cannot by his own wrong in abandoning the premises impose a duty upon the landlord. 32 Am Jur, § 519, p 423.

Illinois does not follow the majority rule completely. There is a conflict in Illinois as to whether the landlord has a general duty to mitigate or a duty to mitigate only in those instances where the tenant has tendered a suitable subtenant. In West Side Auction House Co. v. Connecticut Mut. Life Ins. Co., 186 Ill 156, 57 NE 839, the court said: "Upon abandonment of the leased premises by the tenant it was the right and the duty of the landlord to take charge of the premises, preserve them from injury, and if it could, re-rent them, thus reducing the damage for which the lessee was liable." Id. at 161. See also Contratto v. Star Brewery Co., 165 Ill App 507; Hinde v. Madansky, 161 Ill App 216. However, later, and in our opinion, better-reasoned opinions have extended the duty to mitigate only to those instances where the tenant has tendered a suitable subtenant. Wohl v. Yelen, 22 Ill App2d 455, 161 NE2d 339; Scheinfeld v. Muntz TV Inc., 67 Ill App2d 8, 214 NE2d 506. In Wohl, the court reviewed the law relating to whether a general duty to mitigate damages on abandonment exists.

"The same conflict exists in other jurisdictions. The majority favor the rule against requiring the lessor to re-enter and use diligence in re-renting. . . . A minority apply a rule of mitigation similar to that used in other contracts. . . .

"Virtually all cases refusing to accept the rule of mitigation involve landlords who have not re-entered and have not been presented with acceptable tenants by the defaulting tenant. These cases therefore may be said to hold that a landlord need not seek out new tenants after the defaulting tenant abandons." Id. at 463–464.

 We believe it to be the rule of law in Illinois at the present time that the landlord has no general duty to mitigate in a case of this kind, but has a duty only to accept a suitable subtenant when offered. When we construe defendant's affidavit most strongly in its favor, we cannot construe it to mean that it had tendered a suitable subtenant to plaintiffs. The most that can be said of the affidavit is that the real estate firm received inquiries concerning the rental of the property, which inquiries it turned over to the plaintiffs. In order to construe this affidavit to be a defense in this cause, we would have to say that plaintiffs' duty to mitigate damages placed upon them the affirmative duty to contact and investigate each prospective subtenant tendered by the lessee.

Since the foregoing affidavit filed by the defendant did not state that a suitable subtenant was offered to the plaintiffs, and since said affidavit is grounded on the premise that the landlord has a general duty to mitigate above and beyond the acceptance of a suitable subtenant, we believe the affidavit is insufficient to constitute a

defense in this cause. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.