958

JEFFREY D. BERNABEI, Plaintiff-Appellant, v. THE COUNTY OF LA SALLE *et al.*, Defendants-Appellees (The Township of Troy Grove *et al.*, Defendants).

Third District   No. 3—92—0050

Opinion filed October 14, 1992.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellant.

Elizabeth A. Knight and Sarah Hansen Sotos, both of Knight, Hoppe, Fanning & Knight, Ltd., of Des Plaines (Anita J. Comerford, of counsel), for appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff, Jeffrey D. Bernabei, brought an action against several units of local government to recover damages for injuries he received when his Jeep struck a guardrail on a public highway.

Two of the defendants, La Salle County and Bill Keith, La Salle County superintendent of highways, filed a motion to dismiss plaintiff's amended complaint for failure to state a cause of action. The trial court granted defendants' motion, and plaintiff appeals. We affirm because we find (1) defendants did not owe plaintiff a duty; (2) any act or omission by defendants did not proximately cause plaintiff's injuries; and (3) defendants are immunized from liability by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1991, ch. 85, par. 1—101 *et seq.*).

Plaintiff alleged that on August 18, 1990, he was traveling east in La Salle County on North 37th Road in Troy Grove Township. The accident occurred approximately six-tenths of a mile west of the highway's intersection with State route 251. At that point, the highway meets a bridge spanning Spring Creek. At the west end of the bridge was "an abrupt descent adjacent to the roadway." A guardrail abutted the end of the bridge and ran along the north side of the highway, allegedly to prevent vehicles from leaving the shoulder and entering the creek.

Plaintiff alleged that as he approached the bridge, his Jeep

"left the paved portion of the highway and into the soft dirt near the edge of the highway where its course could not be controlled by plaintiff, it came in contact with and went through the guardrail located at said place, traveled into the ditch and came to rest in the creek."

Plaintiff alleged that defendants were negligent in violating sections 5—205.1, 5—205.3, and 6—407 of the Illinois Highway Code (Ill. Rev. Stat. 1991, ch. 121, pars. 5—205.1, 5—205.3, 6—407) (Highway Code). Plaintiff alleged membership in "the class of persons *** meant to [be] protect[ed]" by these provisions. Plaintiff alleged the cited sections were

"designed for the purpose of constructing, maintaining and operating public highways and bridges within the County of La Salle to the end that the safety and convenience of highway traffic will be promoted."

Defendants moved to dismiss counts I and II of the amended complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—615, 2—619). Defendants argued the statutes did not impose a duty, and the site of the accident was not controlled by defendants. The trial court granted defendants' motion, and plaintiff appeals.

Plaintiff's multiple allegations of negligence can be reduced to four. Plaintiff alleged in his amended complaint that defendants violated the Highway Code by failing to: (1) design and construct a safe bridge and guardrail; (2) provide a safe barrier; (3) provide warning signs; and (4) maintain the road and bridge. Plaintiff argues that the units of local government are responsible for the design and supervision of construction of the bridges and highways within their boundaries. Plaintiff also argues that violations of sections 5—205.1, 5—205.3, and 6—407 of the Highway Code proximately caused plaintiff's injuries.

Plaintiff further contends that we should not consider the defendants' arguments concerning lack of proximate cause and immunity under the Tort Immunity Act because they were not presented to the trial court in the defendants' motion to dismiss. We disagree. The dismissal of a complaint may be upheld on appeal by any argument and on any basis appearing in the record (including a failure to state a cause of action) which demonstrates that the trial court's judgment was correct. *Falk v. Martel* (1991), 210 Ill. App. 3d 557, 562, 569 N.E.2d 248, 252; *Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 451-52, 334 N.E.2d 246, 248.

Plaintiff argues that sections 5—205.1, 5—205.3, and 6—407 of the Highway Code collectively impose a duty on the defendants to design, construct and repair bridges and highways within county boundaries. Although plaintiff concedes the purposes of the statutes are not expressly stated, he contends, without any authority, that the statutes are *"intended* for \*\*\* the health, safety and general welfare of the public."* (Emphasis added.) Plaintiff argues the statutes were promulgated for the safety of highway users and that defendants' negligent violation of the statutes proximately caused the plaintiff's injuries. We disagree.

We recognize that the violation of a statute designed to protect human life or property is *prima facie* evidence of negligence, and the injured party has a cause of action, provided he comes within the purview of the statute and the injury has a direct and proximate connection with the violation. (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 417-18, 170 N.E.2d 881, 886.) We find nothing in the clear language of these statutes which imposes a duty upon the defendants which extends to the plaintiff. In addition, none of these statutes create private causes of action against the county or its superintendent of highways for the benefit of highway users.

■ Sections 5—205.1, 5—205.3, and 6—407 clearly are *not* safety measures enacted for the benefit of the public. Rather, each section provides a mechanism for empowering counties to construct and maintain a statewide network of highways. Section 5—205.1 directs the county superintendent of highways to prepare plans, specifications and estimates for bridges and culverts, and to supervise their construction. (Ill. Rev. Stat. 1991, ch. 121, par. 5—205.1.) Section 5—205.3 directs the superintendent to advise and direct highway commissioners of county road districts regarding the best methods of construction, repair or maintenance of township and district roads. The statute further provides that the grades of roads in the district shall be constructed according to plans approved by the superintendent. The statute grants the county superintendent of highways the power to direct the township highway commissioners concerning the proper maintenance of township roads. (Ill. Rev. Stat. 1991, ch. 121, par. 5—205.3.) Finally, section 6—407 allows the highway commissioner in a road district to contract for the construction and repair of roads and bridges within district boundaries. The commissioner must obtain approval from the county superintendent of highways for expenditures exceeding $5,000. Ill. Rev. Stat. 1991, ch. 121, par. 6—407.

We conclude these statutes merely provide a guideline or framework in which county and township officials are allowed to carry out

the functions of their offices. Plaintiff's amended complaint does *not* contain any allegations which would make the statutes relevant to the imposition of a duty upon the defendants.

■ The intent of the legislature in enacting the Highway Code is set forth in section 1—102. (Ill. Rev. Stat. 1991, ch. 121, par. 1—102.) The legislature's "intent and declared policy" states an "integrated system of highways and streets is essential to the general welfare." The legislature expressed its commitment to "provide for improvement of highways." The legislature further declared that "a system with efficient management, operation, and control, and the elimination of congestion, accident reduction, and safety is an urgent problem and the proper objective of highway legislation." The legislature stated that development of the State's highway transportation system "requires the cooperation of State, county, township, and municipal highway agencies and coordination of their activities *** and the legislature intends such cooperative relationships to accomplish this purpose." Ill. Rev. Stat. 1991, ch. 121, par. 1—102.

■ The legislative purposes stated in section 1—102 are fulfilled through the framework of responsibilities set forth in the remaining provisions of the Highway Code, including the three sections cited by plaintiff. Plaintiff's implication that a tort duty is consistent with the express purposes of the Highway Code is misplaced. Therefore, we find that plaintiff's amended complaint fails to allege a tort duty owed him by defendants. Also, we have concluded that the Highway Code provisions are not safety statutes. Accordingly, a violation of these statutes cannot give rise to a private cause of action.

■ Plaintiff's amended complaint also fails to establish that defendants' conduct was the proximate cause of his injury. Plaintiff alleged in his amended complaint that prior to his vehicle striking the guardrail, it "left the paved portion of the highway and [entered] the soft dirt near the edge of the highway *where its course could not be controlled by plaintiff.*" (Emphasis added.) Defendant argues, and we agree, that plaintiff's loss of control relieves the defendants of any liability for their alleged negligent conduct.

Loss of control of a vehicle can operate as an independent act to relieve a defendant of liability for negligence and statutory violations. *Bogovich v. Nalco Chemical Co.* (1991), 213 Ill. App. 3d 439, 572 N.E.2d 1043, affirmed a grant of summary judgment for the owner of a parked semitrailer truck struck by plaintiff's decedent. The court determined that the truck owner's negligence and statutory violations in parking on a median strip were not the proximate cause of the accident when plain-

tiff lost consciousness and control of his vehicle prior to striking the parked truck. *Bogovich*, 213 Ill. App. 3d at 443-44, 572 N.E.2d at 1046.

*Young v. Texas Eastern Transmission Corp.* (1985), 137 Ill. App. 3d 35, 484 N.E.2d 325, affirmed a grant of summary judgment for the defendant truck driver in an action arising out of a collision with a vehicle operated by plaintiff's decedent. A tire on decedent's vehicle apparently "blew out," causing the decedent to lose control of his vehicle and cross into defendant's lane. The court concluded, in light of decedent's loss of control of his vehicle, that defendant's failure to execute a different evasive action was not the proximate cause of the collision. "Had decedent failed to cross the center line, no collision would have occurred." *Young*, 137 Ill. App. 3d at 39, 484 N.E.2d at 328.

We agree with the analysis and reasoning set forth in *Bogovich* and *Young*. In the instant appeal, plaintiff has not alleged that any of the defendants' acts caused him to lose control of his vehicle. We find that the proximate cause of plaintiff's injuries was his initial loss of control of his motor vehicle. In the absence of any allegation defendants caused plaintiff to lose control of the vehicle, we conclude his loss of control was an independent act which relieves defendants of liability.

Finally, we determine that section 3—104 of the Tort Immunity Act immunizes defendants from liability for their alleged misconduct in maintaining a barrier on the bridge or in failing to provide warning signs. Plaintiff alleged that defendants "[f]ailed to erect [a] *** warning sign or signal *** warning motorists of the dangerous condition" and "[f]ailed to erect a safe barrier to protect the traveling public using North 37th Road from being injured by a defectively installed guardrail."

Section 3—104 of the Tort Immunity Act *absolutely* immunizes defendants from liability for these claims of negligence. Section 3—104 *specifically* immunizes municipal defendants for liability "for an injury caused by the failure to initially provide *** any *** warning sign, device or marking *** or barriers." Ill. Rev. Stat. 1991, ch. 85, par. 3—104; *Milder v. Van Alstine* (1992), 230 Ill. App. 3d 869, 872, 595 N.E.2d 693, 695; *West v. Kirkham* (1992), 147 Ill. 2d 1, 7, 588 N.E.2d 1104, 1107.

For the reasons indicated, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY, P.J., and GORMAN, J., concur.