JEFFREY D. BERNABEI, Plaintiff-Appellant, v. THE COUNTY OF LA SALLE, Defendants (The Township of Troy Grove *et al.*, Defendants-Appellees).

Third District   No. 3—93—0368

Opinion filed March 14, 1994.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellant.

James F. Best, of Fraterrigo, Best & Beranek, of Chicago, and Radusa Ostojic, of Fraterrigo, Best & Beranek, of Wheaton (Sarah E. Senechalle, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Jeffery D. Bernabei, appeals from a summary judgment entered in favor of the defendants, the Township of Troy Grove and the Troy Grove Township road commissioner, Galen Eich. We affirm.

The record shows Bernabei was injured on August 18, 1990, when the vehicle he was driving went off a road in Troy Grove Township in La Salle County and hit a guardrail.

Bernabei filed a four-count complaint. Counts I and II, respectively, alleged numerous acts of negligence on the part of La Salle County and Bill Keith, the La Salle County superintendent of highways. Counts III and IV alleged the same acts of negligence on the part of Troy Grove Township and Galen Eich. In sum, Bernabei alleged the defendants were negligent in installing, constructing and maintaining the guardrail his vehicle collided with and the roadway near the site.

La Salle County and Keith moved to dismiss counts I and II for failure to state a cause of action. After the trial court granted the motion, Bernabei filed an amended complaint as to counts I and II only, alleging La Salle County and Keith breached certain statutory provisions of the Illinois Highway Code (605 ILCS 5/1—101 et seq. (West 1992)). La Salle County and Keith again filed a motion to dismiss contending they had no statutory duty toward Bernabei. The trial court granted the motion and found there was no just reason for delaying appeal. Thereafter, Bernabei filed an appeal in this court. The trial court stayed proceedings on counts III and IV pending the outcome of Bernabei's appeal.

In Bernabei v. County of La Salle (1992), 236 Ill. App. 3d 958, 602 N.E.2d 842 (Bernabei I), we affirmed the dismissal of counts I and II, finding the statutory provisions relied on by Bernabei did not impose a duty on La Salle County and Keith vis-a-vis Bernabei. Although not argued before the trial court, we also found the record supported upholding the dismissal on the grounds the defendants' conduct was not the proximate cause of Bernabei's injuries, and that section 3—104 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/3—104 (West 1992)) immunized the defendants from liability. Bernabei did not seek rehearing, nor did he appeal our decision.

Relying in part on our decision, the Township and Eich filed a

motion for summary judgment on counts III and IV. Following a hearing, the trial court granted the motion. Bernabei again appeals to this court.

On appeal, Bernabei argues the trial court erred in relying on our opinion in *Bernabei I* because the only issue raised on appeal was whether La Salle County and Keith breached a statutory duty. He contends our findings on proximate cause and tort immunity were *obiter dictum*, and thus not binding in his action against the Township and Eich. Along these lines, Bernabei argues the trial court erred in concluding the *Bernabei I* opinion was binding as the law of the case. Bernabei also contends the trial court erred in granting summary judgment prior to sufficient discovery.

We find Bernabei is bound by this court's findings in his earlier appeal, that he is precluded from relitigating the issues decided in that appeal, and that, as a result, the trial court correctly granted the defendants' motion for summary judgment.

We find no merit to Bernabei's argument that our findings on proximate cause and tort immunity were *obiter dictum*.

■ Comments by this court not directly connected with our holding are *dicta*, and thus lack the authoritative force of precedent. (See *Union Electric Co. v. Illinois Commerce Comm'n* (1978), 64 Ill. App. 3d 700, 381 N.E.2d 1002, *rev'd on other grounds* (1979), 77 Ill. 2d 364, 396 N.E.2d 510; *Sexton v. Brach* (1984), 124 Ill. App. 3d 202, 464 N.E.2d 284.) However, the expression of an opinion on a point in a case deliberately passed upon by this court is not *obiter dictum*, but rather is judicial *dictum* and nonetheless binding precedent. (*In re Marriage of Drews* (1985), 139 Ill. App. 3d 763, 487 N.E.2d 1005.) When our decision is based on alternative grounds, none of those grounds are considered *obiter dictum. Scheinfeld v. Muntz TV, Inc.* (1966), 67 Ill. App. 2d 8, 214 N.E.2d 506.

In *Bernabei I,* we held we could uphold the trial court's decision on a number of grounds presented in the record. As we said in *Bernabei I*, the dismissal of a complaint may be upheld on appeal by any argument and on any basis appearing in the record which demonstrates that the trial court's ruling was correct. (*Bernabei v. County of La Salle* (1992), 236 Ill. App. 3d 958, 602 N.E.2d 842.) Our decision was based on each one of the legal points we discussed. Read as a whole, our opinion does not reflect that our discussion of the proximate cause and tort immunity issues was mere *dicta*. Our decision in *Bernabei I* is final. Bernabei did not appeal. Thus, our holding on the issues of proximate cause and tort immunity is binding on Bernabei and precludes relitigation of those issues by him.

Although the trial court apparently struggled with the question

of what was the correct terminology, the court was correct in finding that Bernabei was bound by our decision in *Bernabei I* and that as a result the defendants were entitled to summary judgment. We find no merit to Bernabei's contention that the trial court relied on the "law of the case" doctrine. Review of the report of proceedings shows that the trial court believed the doctrine did not apply. Rather, the record shows the trial court was relying on the doctrine of collateral estoppel, sometimes referred to as issue preclusion.

■ The doctrine of collateral estoppel applies if (1) the issue decided in the prior adjudication is identical with the one presented in the current action; (2) the prior action was terminated with a final judgment on the merits; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior action. *In re Nau* (1992), 153 Ill. 2d 406, 607 N.E.2d 134.

In the instant case, the allegations in counts III and IV were identical to those originally brought in counts I and II. After counts I and II were dismissed for failure to state a cause of action, Bernabei amended counts I and II in an attempt to bring claims for statutory violations. Counts I and II were again dismissed and Bernabei was allowed to appeal that dismissal. We affirmed, finding not only that Bernabei had no claim under the Illinois Highway Code, but that his pleadings showed that the defendants' conduct was not the proximate cause of the incident. In addition, we found the defendants were immune from liability. Bernabei did not seek rehearing in this court, nor did he appeal to the supreme court.

■ The issues decided in *Bernabei I* are identical to those presented in the instant case. The issues were adjudicated on the merits and rendered in a final judgment. Bernabei, against whom the estoppel is asserted, was the plaintiff in *Bernabei I* and in the present case. Thus, Bernabei is collaterally estopped from relitigating the issues of proximate cause and tort immunity. Since these issues are central to his action against the Township and Eich, and these issues have been found against him in a binding prior determination, the trial court correctly granted the defendants' motion for summary judgment.

We note the record shows Bernabei raised no issue in the trial court concerning the lack of discovery. He did not move to continue the proceedings in order to conduct further discovery. His only reference to evidence was his argument before the trial court that this court had reached its decision in *Bernabei I* on the pleadings only, without the benefit of a full trial. We find Bernabei failed to raise the issue of lack of sufficient discovery before the trial court and thus the contention is waived. *In re Nau* (1992), 153 Ill. 2d 406, 607 N.E.2d 134.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SLATER, P.J., and BRESLIN, J., concur.