## BAPTISTE BERNIER *et al.*

*v.*

## WILLIAM H. RUSSELL.

1. ELECTION—*proof of validity of election in suit against judges for refusing a vote.* In a suit by a party against the judges of an election in the village of Cahokia for the election of trustees of schools, held under the act of 1841, for refusing to allow the plaintiff, a villager, to vote, in which the defendants acted as judges, it does not lie in the mouths of the defendants to say the plaintiff must prove beyond this that the election was valid.

2. SAME—*qualification of voter.* Under the act of 1841, relating to the village of Cahokia, the only requisite to qualify one to vote at an election for school trustees of such village, is that he shall be one of the male villagers, and of sufficient age and length of residence in the village.

3. The election laws governing political elections have no application to the election of school trustees in the village of Cahokia any more than with the election of trustees by a religious organization, and such election need not be by ballot, and no registration of voters is necessary.

4. Where the judges of election in the village of Cahokia at an election for school trustees refused the vote of a male inhabitant, upon the ground alone that he was a negro, he having all the necessary qualifications to vote, it was *held,* that the judges were liable in an action against them by the party whose vote they refused.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

An election was held by the villagers of Cahokia in March, A. D. 1875, for the election of school trustees, under the statute of 1841, providing for such elections. Appellee, being at that time one of the villagers of that village, offered to vote for school trustees, and was refused that privilege by appellants, who were acting as judges of that election, and this upon the ground that he was a negro. This action is brought by appellee against appellants for damages for this alleged wrong. The appellee alleges in his declaration that this refusal was malicious and wanton. Appellants pleaded not guilty. This issue was found for appellee by a jury, and his damages assessed at $100, on which verdict judgment was ren-

dered by the circuit court, and the record is brought here on appeal.

Mr. M. MILLARD, for the appellants.

Mr. R. A. HALBERT, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is objected that it is not shown that the election in question was a valid election. The statute of 1841 provides for such election, and appellants acted as judges, and it does not lie in their mouths to say plaintiff must prove, beyond this, that the election was valid.

It is objected appellee is not shown to have had a right to vote. The only requisite to qualify him to vote was, that he should have been one of the male villagers, of sufficient age and length of residence. This was shown by the proofs.

It is objected that he did not offer to vote by ballot, and that there was no previous registration of the voters. The election laws governing political elections have no application to this election. Cahokia commons was a property belonging to the inhabitants of this village before the organization of this State, in which they had a common interest. With the consent of these villagers, the statute of 1841 provided for the laying off of these commons into lots, and for the leasing thereof, and for the application of the revenues for the common benefit, in the support of schools open to all. These elections had by common consent been held, and the voting had always been *viva voce.* The general election laws have no more to do with this election than they have with the election of trustees by a religious organization, or the choice of directors by the stockholders of a bank, or of a railroad company, or of a manufacturing company. It follows that no previous registration of voters was necessary, and that no ballot box was essential.

Some of the instructions may not be correct, but the evidence is such that if the finding had been for defendants, it

should have been set aside. We find no error in this record by which appellants could have been injured.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*