## EDWARD McCORMICK

*v.*

## CORA BURT *et al.*

*Filed at Ottawa March 17, 1880.*

1. PUBLIC OFFICERS—*whether liable in damages for mistakes.* Public officers to whom matters may be submitted for their determination, the consideration of which requires an exercise of their deliberative judgments, are not answerable in damages for mere errors of judgment unaccompanied with malice or bad faith.

2. SAME—*school directors—suspension of pupils.* School directors are invested by the statute with certain discretionary power in regard to the suspension or expulsion of scholars from the public schools. In the exercise of that power they must deliberate and judge and decide, and if they but err in their judgments, without malice, or intention to wrong the scholar, they can not be held liable in a suit for damages for their action in that regard.

3. PLEADING—*of the declaration in action against school directors for suspension of scholar.* In an action on the case against school directors for suspending the plaintiff, a scholar in one of the public schools of which the defendants were directors, from all the rights and privileges of such school until he should express a willingness to comply with a rule of the school which required such scholars as might be in attendance at the time set apart for reading the bible in the school by the teacher to lay aside their books and keep quiet during that exercise, it was held to be a fatal defect in the declaration that it omitted to aver that in directing the suspension of the scholar from the privileges of the school the directors acted either wantonly or maliciously.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. C. C. STRAWN, and Mr. A. E. AMSBARY, for the appellant.

Mr. L. E. PAYSON, and Mr. S. S. LAWRENCE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action on the case, brought by Edward McCormick against Cora Burt and the directors of the school she was teaching, to recover damages on account of his suspension by the directors from the benefits of the school for the non-observance of a rule adopted by them for the government of the school. The substance of the rule adopted is, the teacher might read as an opening exercise every morning, not occupying more than fifteen minutes, a chapter from the King James translation of the bible. No one was required to be present at or participate in such exercise unless he chose to do so, and while such exercise was being conducted every pupil was required to lay aside his books and remain quiet. Plaintiff was a Catholic, and for the non-observance of the

rule, which it is alleged was void, as interfering with the religious convictions of the plaintiff and his father, by pursuing his usual studies without noise or disturbance, he was suspended from "all the rights and privileges of said school until he should express a willingness to comply with the rule." A general demurrer was sustained to the declaration, and plaintiff having elected to stand by his declaration, judgment was rendered against him for costs.

By section 48 of the school law the directors of each school district are made a body politic and corporate, and, among other things, it is made their duty to "adopt and enforce all necessary rules and regulations for the management and government of schools, * * * * to direct what branches of study shall be taught and what text-books and apparatus shall be used in the several schools," and "they may suspend or expel pupils for incorrigibly bad conduct, and no action shall lie against them for such expulsion or suspension."

In the performance of the duties imposed by law upon school directors they must exercise judgment and discretion. What rules and regulations will best promote the interests of the school under their immediate control, and what branches shall be taught and what text-books shall be used, are matters left to the determination of the directors, and must be settled by them from the best lights they can obtain from any source, keeping always in view the highest good of the whole school. Good order can only be maintained by enforcing discipline, and that power is largely committed to the directors. They have the power of suspension or expulsion, and they may exercise that power as a means of discipline for the causes mentioned in the statute. The expulsion or suspension of a pupil from the benefits and privileges of the school for what is considered "incorrigibly bad conduct," implies deliberation and decision on the part of the directors, or, as it is sometimes expressed, they act judicially, in a matter involving discretion in relation to the duties of their office.

The declaration in this case contains no averment defendants, in suspending plaintiff from the benefits and privileges of the school, acted either wantonly or maliciously. That, we think, is a fatal defect in the declaration, and justified the decision of the court in sustaining the demurrer. The absence of such an averment leaves the court free to indulge the presumption defendants acted in good faith in the matter of suspending plaintiff from the benefits of the school, whether they erred in their judgment or not. In such cases the law seems to be well settled there can be no action maintained against school officers where they act without malice.

The rule is certainly a reasonable one. A mere mistake in judgment, either as to their duties under the law or as to facts submitted to them, ought not to subject such officers to an action. They may judge wrongly, and so may a court or other tribunal, but the party complaining can have no action when such officers act in good faith and in the line of what they think is honestly their duty. Any other rule might work great hardship to honest men who, with the best of motives, have faithfully endeavored to perform the duties of these inferior offices. Although of the utmost importance to the public, no considerable emoluments are attached to these minor offices, and the duties are usually performed by persons sincerely desiring to do good for their neighbors, without any expectation of personal gains, and it would be a very harsh rule that would subject such officers to an action for damages for every mistake they may make in the honest and faithful discharge of their official duties as they understand them. It is not enough to aver the action of such officers was erroneous, but it must be averred and proved that such action was taken in bad faith, either wantonly or maliciously. If, in the discharge of their official duties, such officers simply err, it is what other tribunals invested with discretionary powers are liable to do.

A case not unlike the one before us was before the court in *Donahue* v. *Richards*, 38 Me. 389, and it was ruled,

in accordance with what was thought to be a uniform course of decisions, that a public officer, when acting in good faith, is never held liable for an erroneous judgment in a matter submitted to his determination.   Were the rule otherwise, no one would be safe in taking upon himself the burdens of an office the duties of which involved the exercise of judgment.

In *Jackson* v. *Waldon*, 11 Johns. 114, it was held, that officers called to exercise their deliberative judgments are not answerable for mistakes in law, either civilly or criminally, where their motives are pure and untainted with fraud or malice. The English cases on this subject hold the same doctrine. *Hannan* v. *Toppenden*, 1 East, 555, declares no action will lie against individuals for acts erroneously done by them in their corporate capacity from which detriment may happen to another, without proof of malice.

In *Bernier* v. *Russell*, 89 Ill. 60, the judges of the election were held liable to an action for refusing to allow a villager to vote, but the declaration in that case contained a distinct averment such refusal was "malicious and wanton."

This objection to the declaration being conclusive of the whole case, we have not deemed it necessary to remark upon other questions raised on the argument.

The judgment must be affirmed.

*Judgment affirmed.*