(No. 39759.—
ROBERT KELLY, Appellant, *vs.* RICHARD OGILVIE *et al.,*
Appellees.

*Opinion filed September 23, 1966.*

CLARENCE M. DUNAGAN and JAMES P. CHAPMAN, both of Chicago, for appellant.

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and RONALD BUTLER, Assistant State's

Attorneys, of counsel,) for appellees Richard Ogilvie, Jack Johnson and H. W. Olson.

DENT, HAMPTON & DOTEN, of Chicago, (JOHN P. HAMPTON and ROGER D. DOTEN, of counsel,) for appellee Fidelity and Deposit Company of Maryland.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Robert Kelly, brought this action against the defendants, Richard Ogilvie, Jack Johnson, H. W. Olson, and Fidelity and Deposit Company of Maryland, Inc. The complaint sought to recover damages in the sum of $100,000 on account of personal injuries allegedly sustained by the plaintiff while he was a prisoner in the county jail of Cook County, confined there pursuant to an order of the municipal court of Chicago. It identifies the defendant Ogilvie as the sheriff of Cook County, and alleges that he appointed the defendant Jack Johnson as warden of the county jail, and the defendant H. W. Olson as an officer of the jail. The defendant Fidelity and Deposit Company of Maryland, Inc., is the surety on the sheriff's official bond. The trial court sustained the defendants' motion to dismiss the complaint, and, when the plaintiff elected to stand by his complaint, entered judgment for the defendants. The appellate court affirmed, (64 Ill. App. 2d 144) and we allowed leave to appeal.

The key allegations of the complaint are as follows:

"11. That on the day and date aforesaid, it became and was the duty of the defendants, Richard Ogilvie, Jack Johnson and H. W. Olson, because of the special relationship between the plaintiff and the defetndant [sic], there was an affirmative duty upon the defendants to protect the plaintiff.

"12. That the defendants, Richard Ogilvie, Jack Johnson, and H. W. Olson, on the day and date aforesaid, were

guilty of nonfeasance and malfeasance in their failure to fulfill their special duty in that they permitted the appointment of one, F. Wilson, a prisoner assigned to Cell 38, in Block D, Tier 3, of the County Jail, to act as 'tier clerk' or 'barn boss' in that they permitted the said Wilson, barn boss, to have access to keys to the various cells in the above mentioned block and tier.

"13. That the defendant, Richard Ogilvie, through his agents and servants, H. W. Olson and F. Wilson, in the nighttime, unlocked the cell of H. Craig, a prisoner of vicious propensities, for the purpose of having H. Craig commit an assault upon Robert Kelly, plaintiff herein.

"14. That the defendants, and each of them, knew or in the exercise of ordinary care and caution, should have known, that the appointment of F. Wilson as barn boss who had access to cell keys, and was permitted to put prisoners from one cell into another, to torture weaker or sick prisoners, permitted F. Wilson, 'barn boss', to place H. Craig, a prisoner of vicious propensities, into the cell of Robert Kelly, plaintiff, for the sole purpose of torturing the plaintiff herein.

"15. That the practice of appointing prisoners as 'barn bosses' had continued in the County Jail of Cook County for a long period of time prior to September 17, 1963, and the defendants knew of such practice."

The appellate court held that paragraph 13 of the complaint was intended to state a claim against the sheriff, Ogilvie, on the basis of *respondeat superior*, and not to state a claim against the jailer, Olson, predicated upon his own wilful misconduct. That paragraph of the complaint might be read as charging Olson with deliberately participating in an unprovoked assault upon the plaintiff by Craig. Such a reading, however, is not urged by the plaintiff, perhaps because it might be thought to militate against liability under the Sheriff's Indemnification Act, (Ill. Rev. Stat. 1961, chap. 34, par. 301.1,) which bars indemnification for wilful

misconduct. In any event, the plaintiff does not contend in this court that paragraph 13 charges the defendant Olson with participation in a deliberate assault upon the plaintiff.

The appellate court also held that the complaint failed to state a cause of action against the sheriff and the warden under the doctrine of *respondeat superior*. As that doctrine applies to most public officers, the principal or master who must respond is the public body itself, and not the officer or an intermediate public official. (*Reiter* v. *Illinois National Casualty Co.* 397 Ill. 141, *cert.* denied, *sub nom., Reiter* v. *Palmer*, 332 U.S. 791, 92 L. Ed. 373; *cf.* Restatement of Agency 2d, Reporters' Note to sec. 5.) The public body in this case is the county of Cook, and it is not a defendant.

We do not find it necessary to consider the correctness of this ruling of the appellate court as applied to a sheriff, (see cases collected 14 A.L.R.2d 354; 61 A.L.R. 569; 50 A.L.R. 268; 46 A.L.R. 94; note, 1961 Ill. Law Forum 505,) for the plaintiff apparently acquiesced in it. In this petition for leave to appeal the plaintiff says: "Moreover, although a public officer may not be liable on a strict respondeat-superior basis for the negligence of his subordinates, he still will be liable for negligence in their control or selection— and supervision." To establish negligence on these grounds, the plaintiff argues: "Thus, the complaint alleged that prior to the occurrence in question, barn bosses had repeatedly permitted vicious prisoners to enter the cells of other inmates for the purpose of assaulting such inmates; that the individual defendants knew or in the exercise of ordinary care should have known of such practices; that further, the individuals knew or in the exercise of ordinary care should have known that the appointment of Wilson as a barn boss would permit plaintiff to be beaten by another prisoner in the same manner that other prisoners had been beaten." But the complaint does not allege what the plaintiff now says it alleges.

The plaintiff also contends that the sheriff and the

warden are liable because they negligently allowed a "tier clerk" or "barn boss" system to exist. Here, too, the plaintiff does not accurately state the language of the complaint upon which the trial and appellate courts ruled. Referring to paragraph 14 of the complaint, plaintiff says: "In other words, plaintiff alleges that defendants knew or should have known that the barn boss system which they had adopted and approved would lead to the very abuses alleged in the instant case; that they knew or should have known that the barn bosses were using certain prisoners to 'punish' other prisoners. * * * the same paragraph also alleges that Wilson had been 'permitted' to put prisoners from one cell into another, to torture weaker or sick prisoners. The verb 'permitted' connotes knowledge by defendants that Wilson had been following this practice prior to plaintiff's injury and that defendants knew or should have known of this practice." The verb "permitted", in the context in which it is used, cannot fairly be given the expansive significance which the plaintiff now seeks to attribute to it. And nowhere in the complaint is it alleged that "the defendants knew or should have known that the barn bosses were using certain prisoners to 'punish' other prisoners." Nor does the complaint allege that the defendants knew or should have known that Craig was "a prisoner of vicious propensities."

In the absence of such allegations the plaintiff's complaint asserts liability against the sheriff or the warden upon the ground that they are insurers of the safety of prisoners placed in their custody, or upon the ground that they became insurers by adopting a "tier clerk" or "barn boss" system. We are unwilling to adopt either alternative. We therefore find it unnecessary to consider whether, as the appellate court held, these defendants are immune from liability stemming from their decision to use a "tier clerk" or "barn boss" system in the operation of the jail.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*