DOROTHY S. THIELE, Plaintiff-Appellee, *v.* BERNARD J. KENNEDY *et al.,* Defendants-Appellants.

(No. 73-164;

Third District—March 29, 1974.

466

STOUDER, J., specially concurring.

Eugene L. White, of Peoria, for appellants.

Jack C. Vieley, of Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This action was brought to recover damages occasioned by the alleged willful and wanton conduct of each defendant in the maintenance and supervision of Peoria County Jail. After a jury verdict for plaintiff, Dorothy S. Thiele, the Circuit Court of Peoria County entered judgment on the verdict in amount of $5000. This appeal is from that judgment.

The plaintiff alleged that while she was an inmate in the jail certain other inmates inflicted bodily harm upon her. She claimed that the defendant, Bernard J. Kennedy, Sheriff of Peoria County, and defendant County of Peoria were each guilty of willful and wanton acts in allowing plaintiff to be exposed to allegedly dangerous persons. Defendants denied the acts charged and further claimed the benefit of statutory immunity from such a cause of action.

The basic issue is whether plaintiff's claim is barred by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 1—101 et seq.).

Plaintiff's cause of action is that defendants were each guilty of willful and wanton conduct in one or more of the following:

"1. Allowed and permitted certain dangerous and violent persons to roam free and about the same tier of the jail where the plaintiff was even though the defendants knew of the dangerous and violent tendencies of said persons.

2. Allowed certain dangerous persons to remain alone and unguarded with the plaintiff without the presence and supervision of a matron.

3. Failed to lock said dangerous persons in separate cells.

4. Allowed certain dangerous persons the use and possession of a broom.

5. Failed to take the necessary precautions in order to protect the health and safety of the plaintiff and prevent injury and harm to her."

■■■ Section 2—201 of the Act provides that "except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused". This immunity is the most significant protection afforded public employees by the Immunity Act. If the more specific immunities set forth in other sections of the Act do not apply, an employee's liability is governed and limited by its general terms. If he acts "in determining policy when acting in the exercise of discretion even though abused" the employee is not liable for injuries he inflicts in the course of his official duties. And by virtue of section 2—109, the same protection from liability extends to the public entity for which the employee is working. If the employee is immune, so is his employer. *Woodman v. Litchfield Community School District No. 12,* 102 Ill.App.2d 330.

■■ Section 2—201 incorporates in statutory form all or at least a substantial part of existing case law governing employee immunities. The principle is that public officers should not be liable in tort for injuries arising out of the exercise of governmental powers vested in good faith if the powers are discretionary as opposed to ministerial in nature. This principle, known as quasi-judicial immunity, was derived from the immunity enjoyed by judges for actions taken by them in the course of their official duties. See *Gilbert v. Bone,* 64 Ill. 518, 524-25; *McCormick v. Burt,* 95 Ill. 263, 266; Baum, *An Introduction to the Illinois Immunity Act,* 1966 U. Ill. L.F. 981, 994.

The principle was recently applied in an action against the sheriff of Cook County for failure to provide medical treatment to an inmate of

the county jail. (*Bush v. Babb,* 23 Ill.App.2d 285.) And in *Kelly v. Ogilvie,* 64 Ill.App.2d 144, 147, *aff'd,* 35 Ill.2d 297, a "barn boss" prisoner entered plaintiff's cell and beat and injured plaintiff. The appellate court held that prison administration by the sheriff involved the exercise of discretion and came within the doctrine of quasi-judicial immunity. Plaintiff in *Ogilvie* contended that the wilful nature of the tort brought it outside the scope of quasi-judicial immunity. The court rejected the argument stating, "The complaint contains no explicit allegation of malice or of direct participation on the part of the sheriff and the warden."

Both *Bush v. Babb* and *Kelly v. Ogilvie* were decided on facts which arose prior to the adoption of the Act. However, the following cases have reaffirmed the principle of quasi-judicial immunity under section 2—201 of the act; *Fustin v. Board of Education of Community Unit District No. 2,* 101 Ill.App.2d 113 *Young v. Hansen,* 118 Ill.App.2d 1 (leave to appeal denied); *Ten Eicken v. Johnson,* 1 Ill.App.3d 165; *Anderberg v. Newman,* 5 Ill.App.3d 736. This court in *Lusietto v. Kingan,* 107 Ill. App.2d 239, at page 244, stated, "Although the case of *Molitor v. Kaneland Community Unit School Dist.,* * * * abolished the principle of governmental immunity, *it did not destroy the principle of public official's immunity."* (Emphasis supplied.)

⊛ 4 The immunity is conditioned upon good faith exercise of discretion and extends only to acts not resulting from corrupt or malicious motives. *McCormick V. Burt,* 95 Ill. 263, 266; *People ex rel. v. Schreiner Courtney,* 380 Ill. 171, 179; *Young v. Hansen, supra;* 63 Am.Jur.2d *Public Officers and Employees,* sec. 289.

■■ We believe that in the instant case, the plaintiff had the burden of alleging and of proving that the acts of the defendant sheriff were from "corrupt or malicious motives". In *Young v. Hansen, supra,* on page 9, it was stated, "* * * a public official may not hide behind the cloak of immunity if he maliciously and intentionally misuses the powers of his office". In *Anderberg v. Newman, supra,* negligent and wanton conduct was held not to be sufficient to overcome the protection afforded acts in the exercise of official discretion. The conduct charged must wear a cloak of malicious intent.

■■ For the foregoing reasons the judgment of the Circuit Court of Peoria County is hereby reversed.

Judgment reversed.

SCOTT, P. J., concurs.

Mr. JUSTICE STOUDER specially concurring:

I concur in the result reached by the majority of the court, but I am not wholly in accord with the reasoning supporting the result. So far as

the doctrine of quasi-judicial immunity is concerned both at common law and as set forth in the statute, it is my opinion that the issue is not whether the doctrine is applicable but whether the proof supports the allegation.

The complaint alleges willful and wanton misconduct. From the cases cited by the majority, I conclude that if willful and wanton misconduct is alleged, the theory of quasi-judicial immunity is inapplicable. However, the jury was propounded the following special interrogatory;

> "Do you find that the defendant, Bernard J. Kennedy, knew before the occurrence complained of, or had reason to know of, dangerous and violent tendencies of Christine Lancaster, Lucille Washington and Mary A. Wilson, or one of them, to harm and physically assault others?"

This interrogatory was answered in the negative by the jury and in my opinion refutes the plaintiff's claim of willful and wanton misconduct. Accordingly, I believe a reversal of the judgment of the trial court is required but for different reasons than those proposed by the majority opinion.

Even though I agree that the doctrine of quasi-judicial immunity has been applied in favor of sheriffs or wardens, it seems to me that, as in pre-*Molitor* days, we are expecting individuals to accept the consequences of injuries caused by the misconduct of governmental agents. It seems to me that perhaps a distinction could and should be drawn by the legislature where the person injured is in the custody of some governmental unit or agency and therefore in a poor position to protect his health and safety. It goes without saying that a person completely subject to the custodial restrictions imposed by jail has few alternatives which he may exercise in support of his own well-being and consequently the governmental unit ought not to be free from liability caused as a consequence of its custodial authority.