DORA LARSON, Adm'r of the Estate of and Personal Representative of Victoria Joelle Larson, Deceased, Plaintiff-Appellant, *v.* SCOTT DARNELL *et al.*, Defendants-Appellees.

Third District   No. 82—471

Opinion filed April 14, 1983.

Gerald J. Meehan and William M. Walker, both of Coryn, Walker and Meehan, of Rock Island, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

JUSTICE SCOTT delivered the opinion of the court:

On July 12, 1979, 12-year-old Vicki Larson was raped and murdered by Scott Darnell. Scott Darnell, a minor, had been the subject of numerous juvenile court proceedings resulting in intermittent treatment, institutionalization, and even incarceration. One month before he murdered Vicki Larson, he was released from incarceration and placed in the custody of a parole officer. The estate of Vicki Larson filed this action seeking recovery for wrongful death and for the conscious pain and suffering of the decedent, naming as defendants Scott Darnell, Gayle Franzen, the Director of the Illinois Department of Corrections, and James Stanbary, Darnell's parole officer.

The complaint alleges that defendant Franzen negligently, and in the alternative wilfully and wantonly, released Darnell from incarceration knowing that he was a threat to society. Further, the complaint alleges that after release, defendant Stanbary negligently, and in the alternative wilfully and wantonly, failed to properly supervise and control Darnell. Ruling on a motion filed by the defendants Franzen and Stanbary pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48), the circuit court of Henry County dismissed the complaint against the two public officials. In doing so, the circuit court entered the following findings:

> "1. That the conduct of defendant Franzen and defendant Stanbary as alleged in plaintiff's complaint, was, from a factual standpoint, ministerial.
>
> 2. That, not withstanding the above factual analysis, under Illinois law, such conduct is considered 'discretionary' as a matter of law.
>
> 3. Further, that despite the abolition of sovereign immunity by the 1970 Illinois Constitution, the statutes in case law of this State have effectively reinstated such immunity and defendant Franzen and defendant Stanbary are protected by it."

It further appears from the circuit court order, and from the briefs of the parties before this court, that the circuit judge concluded that the cause of action against Franzen and Stanbary was barred for either one of two reasons, to-wit: sovereign immunity or public-official immunity.

It is well established that a public official is immune from individual liability for the performance of discretionary duties undertaken in good faith. (*Mora v. State* (1977), 68 Ill. 2d 223, 369 N.E.2d 868; *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 359 N.E.2d 149.) The circuit court entered a finding that the action of Franzen in re-

leasing Darnell and the action of Stanbary in supervising Darnell were, from a factual standpoint, ministerial, but also determined that the conduct of both men was discretionary as a matter of law. We believe these two findings are conflicting, because by definition, a purely ministerial act is one which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own discretion upon the propriety of the act being done. We believe the circuit court was correct when it found that the actions of Stanbary and Franzen required both to exercise their discretion or judgment, and we believe the court was incorrect when it found that the actions of both men were ministerial. We agree with the defendants, who assert in their brief that under the State's juvenile release program, the decisions respecting whom to parole, when to parole, and where to place the parolee and how to help the ex-offender adjust into a free society necessarily involve discretion and balancing the rights of the ex-offender against the rights of the community into which he is placed. Hence, we conclude that Franzen and Stanbary are immune from suit for the official acts complained of by the plaintiff Estate, even if, as alleged, the acts were negligently performed, because in the performance of those acts it was necessary to exercise judgment or discretion. *Mora v. State; People ex rel. Scott v. Briceland.*

We believe the same result attains, even if the well-pleaded allegation of the plaintiff is taken as true in the counts of the complaint asserting wilful and wanton conduct on the part of Franzen and Stanbary. Public-official immunity is conditioned upon good faith exercise of discretion and extends to acts undertaken in the exercise of that discretion not resulting from corrupt or malicious motives. (*Thiele v. Kennedy* (1974), 18 Ill. App. 3d 465, 309 N.E.2d 394.) The complaint here in question sets forth no allegation of corrupt motives, malicious motives, or the intentional misuse of power. For that reason, we believe the defendants Franzen and Stanbary are immune from suit for the acts and conduct set forth in plaintiff's complaint.

We have reviewed the authorities cited by the plaintiff Estate, which establish a different rule regarding the immunity of public officials for their discretionary acts than the rule set forth above. (*Payton v. United States* (5th Cir. 1981), 636 F.2d 132; *White v. United States* (4th Cir. 1963), 317 F.2d 13; *Rieser v. District of Columbia* (D.C. Cir. 1977), 563 F.2d 462; *Bellevance v. State* (Fla. 1980), 390 So. 2d 422.) It does not appear, however, that the rule announced in those decisions correctly reflects the established law of this State. As we concur with the circuit court of Henry County in its dismissal of the com-

plaint against the defendants Franzen and Stanbary, by reason of the application of the doctrine of public-official immunity, we deem it unnecessary to consider whether the doctrine of sovereign immunity also applies.

In reliance on the authorities and reasoning hereinbefore set forth, the decision of the circuit court of Henry County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.