JEAN M. FALK *et al.*, Plaintiffs-Appellants, v. DON MARTEL, Defendant-Appellee.

Third District   No. 3—90—0055

Opinion filed March 15, 1991.

Jean M. Falk, of Davenport, Iowa, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiffs Jean M. Falk and her minor daughter, Heather D. Falk, filed a five-count complaint in the circuit court of Henry County against defendant Don Martel, an investigator employed by the Illinois Department of Children and Family Services (DCFS). The allegations contained in the complaint arise out of an investigation by the defendant of a report of suspected child abuse involving the plaintiffs on October 18, 1984. Count V of the second amended complaint alleged a violation of plaintiffs' constitutional rights under 42 U.S.C. §1983 (1988) of the Civil Rights Act. The case was removed to Federal court, and the defendant was granted summary judgment on count V on the basis of qualified immunity. The remainder of the complaint was remanded back to the circuit court.

Count I of the complaint alleged that the defendant willfully and maliciously committed a battery upon Heather Falk by pinching her on the buttocks, shoulder, and back and that the defendant's acts were wanton, willful, reckless, and outside the scope of his employment. Count II alleges that the defendant committed a battery upon Jean Falk by grabbing her by the shoulder and throwing her on a bed. These acts were also alleged to be malicious, wanton, willful, reckless, and outside the scope of defendant's employment. Counts III and IV charged that the defendant forcibly entered the plaintiffs' home and "without cause or provocation commenced a pattern of extreme and outrageous conduct consisting of verbally abusing and humiliating" the plaintiffs Heather and Jean Falk, causing severe emotional distress. The complaint further alleged that the defendant's acts were malicious and outside the scope of his employment and that the

defendant knew his conduct was substantially certain to cause emotional distress.

The defendant moved to dismiss the complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)) on the basis of statutory immunity and public official immunity. The trial court granted the motion to dismiss, and the plaintiffs now appeal. We affirm in part and reverse in part and remand.

■ As a preliminary matter, we consider the defendant's motion to strike portions of plaintiff's brief which was taken with the case. The defendant correctly notes that the plaintiffs' statement of facts fails to make reference to the pages of the record and contains inappropriate comments and statements not found in the record. In addition, plaintiffs' brief makes reference to various irrelevant sections of the Criminal Code of 1961 and does not contain a statement of jurisdiction as required by Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d R. 341(e)(4)(ii)). While we do not condone the type of careless disregard for the supreme court rules evidenced by plaintiffs' brief, given the relative simplicity of the record before us and the fact that the defendant does not dispute this court's jurisdiction, we will consider the merits of this appeal. The motion to strike is denied. We will disregard any inappropriate or unsupported statements in reviewing this matter. See *In re Marriage of Betts* (1987), 159 Ill. App. 3d 327, 511 N.E.2d 732; *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 510 N.E.2d 531.

According to the affidavits filed by the defendant in support of his motion to dismiss, Jean Falk telephoned her neighbor on October 17, 1984, and told her that she had lost her temper with her daughter Heather and had beaten her. The neighbor called DCFS and the Colona police department and reported the incident. Jean Falk told the police officer investigating the report that she occasionally disciplined her daughter by hitting her with a spoon. The same officer investigated Jean Falk's subsequent claim, made on October 30, that the defendant had invaded her home on October 18. The officer found no evidence of forcible entry or property damage.

The defendant stated in his affidavit that he first met the plaintiffs in 1981 during an investigation of suspected child abuse. He went to the plaintiffs' home on October 18, 1984, in response to another report of suspected child abuse. After the defendant identified himself, Jean Falk remembered him and let him inside. Jean stated that she had become angry with her daughter and hit her with a plastic salad fork. Heather Falk also told the defendant that her mother had hit

her. Jean Falk lowered her daughter's pajamas so the defendant could look for bruises, and the defendant noted that Heather was bruised on her face, both shoulders, and on the right side of her lower back. The defendant denied forcibly entering the Falk residence or assaulting Jean or Heather Falk, and concluded the affidavit by stating that every act he performed while at the Falk residence was necessary to conduct his investigation.

■ In his motion to dismiss, the defendant claimed that he was entitled to statutory immunity pursuant to section 9 of the Abused and Neglected Child Reporting Act (the Reporting Act) (Ill. Rev. Stat. 1989, ch. 23, par. 2059), and that he was also entitled to public official immunity. In granting defendant's motion, the trial court found that section 9 of the Reporting Act grants a presumption of immunity and that plaintiffs had failed to overcome that presumption. Section 9 states:

> "Any person, institution or agency, under this Act, participating in good faith in the making of a report *** or in the investigation of such a report *** or in the taking of photographs and x-rays or in the retaining a child in temporary protective custody shall have immunity from any liability, civil, criminal or that otherwise might result by reason of such actions. For the purpose of any proceedings, civil or criminal, the good faith of any persons required to report *** or permitted to report, cases of suspected child abuse or neglect under this Act, shall be presumed." Ill. Rev. Stat. 1989, ch. 23, par.2059.

In *Lehman v. Stephens* (1986), 148 Ill. App. 3d 538, 499 N.E.2d 103, the court found that while the first sentence of this section grants immunity to those acting in good faith under the Reporting Act, the second sentence grants a *presumption* of good faith *only* to required and permitted reporters, and not to the other categories of persons mentioned in the first sentence. (*Lehman*, 148 Ill. App. 3d at 551, 499 N.E.2d at 112.) Thus, the defendant here, who was *investigating* a report of child abuse, is not entitled to a presumption of good faith. Absent this presumption, we believe that the facts pleaded in counts I and II of plaintiffs' complaint are sufficient to withstand the motion to dismiss.

■■ A motion to dismiss under section 2—619(a)(9) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)) admits all well-pleaded facts (*Brown v. Morrison* (1989), 187 Ill. App. 3d 37, 542 N.E.2d 1308), " 'and conclusions may be proper if based on facts set forth, but the motion does not admit *** conclusions of law or of fact unsupported by allegations of specific facts on which the conclusions must rest' "

*(Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976, 985, quoting *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 276, 151 N.E.2d 819). Counts I and II of plaintiffs' complaint allege specific facts constituting the intentional tort of battery to both Jean and Heather Falk. The additional allegations that the defendant's acts were malicious, willful, wanton, and outside the scope of his employment are conclusory, but they are conclusions that are at least minimally supported by the very nature of the alleged acts. For example, if we accept as true, as we must for the purposes of defendant's motion, that the defendant grabbed Jean Falk by the shoulders and threw her on a bed, such an act supports the conclusion that the defendant acted willfully or recklessly and perhaps with malice. Moreover, if an allegation of physical abuse by an investigator for DCFS is *not* sufficient to demonstrate a lack of good faith, the immunity provided by section 9 of the Reporting Act becomes nearly absolute. We emphasize that our decision does not depend upon the truth or falsity of the plaintiffs' allegations and we express no opinion on that issue. We simply hold that the allegations of counts I and II of plaintiffs' complaint are sufficient to preclude, at this stage of the proceedings, application of the good-faith immunity provided by section 9 of the Reporting Act.

██ █ In addition to the statutory immunity discussed above, the trial court also found that the defendant was entitled to common law immunity as a public official. The doctrine of public official immunity rests on the principle that a government official should be protected from personal liability for making discretionary judgments based on his perception of public needs. (*Currie v. Lao* (1990), 198 Ill. App. 3d 625, 556 N.E.2d 318, *appeal allowed* (1990), 133 Ill. 2d 553, 561 N.E.2d 688; *Oppe v. State of Missouri* (1988), 171 Ill. App. 3d 491, 525 N.E.2d 1189.) So, for example, an engineer employed by the State was not liable for his failure to place barricades around a large hole in the roadway (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246 N.E.2d 24), nor was an employee of the Department of Transportation liable for failure to establish a no-passing zone where one was called for by State standards (*Mora v. State* (1977), 68 Ill. 2d 223, 369 N.E.2d 868). However, while it appears that there is some disagreement whether a public official is shielded from liability for willful and wanton acts (compare *Larson v. Darnell* (1983), 113 Ill. App. 3d 975, 448 N.E.2d 249 (public officials are not liable for willful and wanton conduct), and *Thiele v. Kennedy* (1974), 18 Ill. App. 3d 465, 309 N.E.2d 394 (same), with *Barth v. Board of Education* (1986), 141 Ill. App. 3d 266, 490 N.E.2d 77 (public official immunity does not extend

to willful and wanton acts)), it is clear that the immunity is conditioned upon a good-faith exercise of discretion and does not include acts based on corrupt or malicious motives (*Barth*, 141 Ill. App. 3d 266, 490 N.E.2d 77; *Larson*, 113 Ill. App. 3d 975, 448 N.E.2d 249; *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486; *Thiele*, 18 Ill. App. 3d 465, 309 N.E.2d 394). Again assuming the truth of the allegations of battery contained in counts I and II of plaintiffs' complaint, we find that the alleged acts fall outside the scope of the protection afforded by the doctrine of public official immunity. We hold, therefore, that the trial court erred in dismissing counts I and II of plaintiffs' complaint.

■ Counts III and IV of plaintiffs' complaint are obviously intended to state a cause of action for intentional infliction of emotional distress (see *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765; *Farnor v. Irmco Corp.* (1979), 73 Ill. App. 3d 851, 392 N.E.2d 591). Those counts, like those alleging battery, also charge that the defendant's acts were malicious and outside the scope of his employment. Unlike counts I and II, however, the conclusory allegations in counts III and IV are not supported by allegations of specific facts. Indeed, counts III and IV do not contain *any* specific factual allegations. Therefore, we find no error by the trial court in dismissing counts III and IV on the basis of statutory and public official immunity. Moreover, as a separate and independent ground for affirming the dismissal of counts III and IV, we find that those counts fail to state a cause of action for intentional infliction of emotional distress because they contain no factual allegations and are entirely conclusory. It is well established that dismissal of a complaint may be upheld upon any basis found in the record, including a failure to state a cause of action. (*Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358; *Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 334 N.E.2d 246; *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 243 N.E.2d 650.) The dismissal of counts III and IV of plaintiffs' complaint is affirmed.

For the foregoing reasons, the judgment of the circuit court is affirmed as to counts III and IV of the complaint. The dismissal of counts I and II is reversed, and this cause is remanded for further proceedings.

Affirmed in part, reversed in part and remanded.

BARRY and GORMAN, JJ., concur.