**Ellsworth J. HILL, Jr., Plaintiff,**

v.

**Timothy MILLER, in his individual capacity; and the Kane County Sheriff's Department; and County of Kane, a municipal corporation, Defendants.**

No. 94 C 5177.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 23, 1995.

John Chris Goodman, Howard Pomper & Associates, Chicago, IL, for plaintiff.

Ellsworth J. Hill, Jr., pro se.

Patricia Johnson Lord, Robert Joseph Sandner, Donald B. Leist, Gregg Ingemunson, Kane County State's Attorney's Office, St. Charles, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Ellsworth J. Hill brings this four count complaint, alleging violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as well as state law claims of battery and respondeat superior. Presently before the court is defendant Timothy Miller's motion for summary judgment on Counts I and II. For the

reasons set forth below, defendant's motion is denied.

## I. Background

Plaintiff Ellsworth Hill was arrested on August 25, 1993. As the events leading up to and surrounding that arrest are strenuously disputed by the parties, we shall review each party's version of the relevant facts. Defendant Miller claims that he saw Hill weaving on his motorcycle, and that he was travelling at fifty miles per hour, twenty miles per hour above the limit. Accordingly, Miller pulled Hill over. Miller claims that Hill smelled strongly of alcohol, and exhibited other symptoms of intoxication. Although Hill admitted that he had been drinking at a bar, he refused to participate in a sobriety test. Miller informed Hill that he was under arrest, and had him place his hands on the hood of the squad car. Miller claims that Hill then turned around and pushed Miller against the chest. Miller got him back on the hood, but Hill once again turned and pushed Miller, and began to run away, throwing an unidentified item into the woods as he ran. Miller chased Hill for approximately twenty-five feet, caught him, and placed him in a "wrist lock" and returned him to the squad car. Miller radioed for assistance, and another officer arrived and helped Miller place Hill in handcuffs.

Hill, on the other hand, maintains that he was not "weaving," but instead claims that he was turning occasionally to avoid potholes. He also asserts that his speed was approximately twenty-five to thirty miles per hour, and that he showed no signs of intoxication. Most notably, he claims that he was fully compliant with Miller's instructions, and never resisted arrest, specifically challenging each of Miller's claims. Notwithstanding this fact, Hill asserts that Miller forcibly pushed him up against the squad car several times, prompting him to yell for help, and causing him to suffer a hernia. In addition, Hill claims that Miller wrenched his arm up behind his back and handcuffed him tightly, causing nerve damage.

Hill was charged in the Circuit Court of Kane County with driving under the influence of alcohol, speeding, and resisting arrest. The court found him guilty of speeding and resisting arrest, but acquitted him on the drunk driving count.[1] Hill then filed this action pursuant to 42 U.S.C. § 1983, including a pendent state law claim of battery and a claim against Kane County based on respondeat superior.[2] On November 4, 1994, defendant Miller filed a motion for summary judgment, asserting that he is entitled to qualified immunity on the § 1983 count, and public official's immunity on the state law battery count.

## II. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and.... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991).

## III. Discussion

Miller initially asserts that the facts surrounding the conviction for resisting arrest should be admitted for purposes of this case. He correctly identifies the law governing the preclusive effect of criminal convictions in subsequent civil proceedings, but, as discussed further below, misconstrues the meaning of that law. In *Allen v. McCurry*,

---

1. Hill waived his right to a jury trial.

2. We previously dismissed the Kane County Sheriff's Department from this action.

449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), the Supreme Court concluded that "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgment emerged would do so." In applying this rule, the Seventh Circuit has noted that, in Illinois, "evidence of a prior criminal conviction is admissible in a civil proceeding as prima facie evidence of the facts upon which the conviction is based if those facts are relevant to some issue involved in the civil proceeding." *Brown v. Green*, 738 F.2d 202, 206 (7th Cir.1984). Based upon this language, Miller asserts that we should consider Hill's conviction and the prima facie evidence of the facts surrounding that conviction in ruling his motion for summary judgment based on qualified immunity. We disagree.

■ The reason that a prior criminal conviction is only admitted as *prima facie* evidence of the facts upon which the conviction is based, rather than given preclusive effect, is to "preserve[ ] the opportunity to rebut the factual basis of the conviction insofar as those facts are applicable to the civil proceedings." *Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978). Of course, if the plaintiff offered no rebuttal to the facts surrounding the conviction, consideration of those facts in ruling on a defendant's motion for summary judgment would clearly be appropriate. *See, e.g., Quinn v. Cain,* 714 F.Supp. 938, 941 (N.D.Ill.1989). In the present case, however, Hill has offered rebuttal evidence. Specifically, he submits an affidavit which directly counters Miller's version of the events at issue, and his affidavit is consistent with his testimony at the criminal trial. In this situation, where the facts surrounding Hill's arrest are disputed, consideration of only the evidence which Miller offers, *i.e.,* the "prima facie evidence" of the relevant facts, would be inappropriate. *See State Farm Fire & Cas. Co. v. Shelton,* 176 Ill.App.3d 858, 126 Ill.Dec. 286, 293, 531 N.E.2d 913, 920 (1988) ("We believe that the trial court erred in granting State Farm summary judgment. In our opinion, the cases require us to hold that Shelton is entitled to defend against the wrongful death action by offering whatever testimony he believes will rebut the prima facie evidence of his liability, even though such evidence contradicts the criminal court's findings.").

■ Disputed facts do not necessarily mean that summary judgment is inappropriate. Miller is still entitled to qualified immunity if he can demonstrate that even under the worst case scenario (*i.e.,* Hill's version of events), the force he used was not excessive. *See Cuautle v. Tone,* 851 F.Supp. 1236, 1241 (C.D.Ill.1994). However, he can not make that showing. As the Seventh Circuit recently reaffirmed, "[p]olice officers who use force are entitled to qualified immunity from suits for damages under 42 U.S.C. § 1983 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Rice v. Burks,* 999 F.2d 1172, 1174 (7th Cir.1993) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Accordingly, Miller maintains that his conduct did not violate clearly established rights. However, it is well established that "the use of any significant force ... not reasonably necessary to effect an arrest—as where the suspect neither resists nor flees or where the force is used after a suspect's resistance has been overcome or his flight thwarted—would be constitutionally unreasonable." *Kidd v. O'Neil,* 774 F.2d 1252, 1256–57 (4th Cir.1985). Similarly, in *Meyers v. Nagel,* No. 90–35718, 1992 WL 92798 (9th Cir. Apr. 30, 1992), the Ninth Circuit considered a case in which the civil rights plaintiff alleged that the arresting officer "put one hand up high behind [Meyer's] back" and treated him roughly. The court noted that the parties disputed whether or not Meyers had resisted arrest, and concluded:

If the facts are as Meyers claims, the force used by Nagel may be excessive and he could not reasonably believe his actions were lawful. Viewing the facts in the light most favorable to Meyers, we cannot determine as a matter of law that there was no excessive force or that Nagel's conduct was objectively reasonable. The question cannot be resolved on summary judgment.

*Id.,* 1992 WL 92798, at **3. The same reasoning is clearly applicable here, particularly in light of Hill's claim that he suffered significant injury as a result of Miller's conduct. Accordingly, Miller's motion for summary judgment on Count I is denied.

We also deny Miller's motion to dismiss Count II. The parties initially dispute whether Illinois public official immunity applies in the face of willful and wanton conduct by the arresting officer. The First District Appellate Court has concluded that it does not, *Barth v. Board of Educ.,* 141 Ill.App.3d 266, 95 Ill.Dec. 604, 490 N.E.2d 77 (1986), while the Third District Appellate Court has held that the only exception to public official immunity is in cases in which the conduct is based on corrupt or malicious motives, *Thiele v. Kennedy,* 18 Ill.App.3d 465, 309 N.E.2d 394 (1974). The Illinois Supreme Court, however, apparently has not resolved this conflict. It is well established that "when the appellate courts conflict, the District Court simply chooses what it believes the Illinois Supreme Court would decide." *Ludemo v. Klein,* 771 F.Supp. 260, 261–62 (N.D.Ill.1991). Having reviewed both *Barth* and *Thiele,* we believe that the Illinois Supreme Court would conclude that public official immunity would not extend to willful and wanton conduct. The 1880 Illinois Supreme Court case upon which both *Barth* and *Thiele* rely, an early discussion of the developing doctrine of discretion immunity, held that the plaintiff's complaint was fatally defective because it did not allege that the defendants acted "either wantonly or maliciously." *McCormick v. Burt,* 95 Ill. 263, 266 (1880). We agree with *Barth* that this language clearly supports a conclusion that willful and wanton misconduct is not covered by public official immunity, and believe that the Illinois Supreme Court, if faced with the current conflict, would again so hold.

Miller asserts, however, that even if public official immunity does not extend to willful and wanton conduct, Hill has not sufficiently alleged such conduct. While it is true that merely claiming that certain conduct was "willful and wanton" is insufficient to survive a dispositive motion, *see Youker v. Schoenenberger,* 22 F.3d 163, 168 (7th Cir.

1994), the facts alleged here, if proven, would support a claim that Miller acted in bad faith and with an improper motive. *Id.* That is, if Hill were able to convince a jury that he was entirely compliant and did not resist arrest, and that Miller nonetheless repeatedly jacked Hill against the squad car causing significant injury, the jury would be entitled to conclude that Miller acted willfully and wantonly. Accordingly, Miller is not entitled to summary judgment on Count II.

## IV. Conclusion

For the reasons set forth above, defendant Tim Miller's motion for summary judgment is denied. It is so ordered.