(No. 81-CC-0053– ▮▮▮▮▮)

DORA B. LARSON, Administrator of the Estate of VICTORIA J. LARSON, Deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 15, 1997.*

CORYN, WALKER & MEEHAN (GERALD J. MEEHAN, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (DEBORAH L. BARNES, Assistant Attorney General, of counsel), for Respondent.

1

ORDER

RAUCCI, J.

This cause coming to be heard on the Respondent's motion to dismiss and supplemental memorandum thereto, the Court being fully advised in the premises, the Court finds:

1. The instant claim was originally filed in 1980. The Court ordered this claim placed on general continuance in 1985. This claim was removed from general continuance in 1995, and comes now before the Court upon the Respondent's motion to dismiss, together with Respondent's supplemental memorandum to motion to dismiss.

2. The Claimant is the administrator of the estate of Victoria Larson, deceased. The Claimant's complaint alleges that the Respondent is liable for damages resulting from Scott Darnell's forcible rape and murder of the decedent, Victoria Larson. Darnell, a minor, had been paroled two weeks prior to the brutal attack on Victoria Larson.

3. The Claimant alleges that this Court has jurisdiction of her claims arising under the Wrongful Death Act (740 ILCS 180/0.01 *et seq*) and the Survival Act (330 ILCS 100/0.01 *et seq*) pursuant to section 8(a) of the Court of Claims Act, and over her claims alleging liability in tort pursuant to section 8(d) of the Court of Claims Act. 705 ILCS 505/8(a), (d).

4. At the time of the alleged occurrence, the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat., ch. 85, par. 4—106) provided that:

"Neither a local public entity nor a public employee is liable for:

(a) Any injury resulting from determining to parole or release a prisoner, to revoke his parole or release, or the terms and conditions of his parole.

(b) Any injury inflicted by an escaped or escaping prisoner." Currently codified as 745 ILCS 10/4—106.

5. We have previously held that section 4—106 of the Local Governmental and Governmental Employees Tort Immunity Act applies equally to units of local government and to the State:

"The State's liability certainly is no greater, and its immunity is certainly no less, under existing law, than that of local governmental units which are creatures of the State. To hold the State liable for any errors in judgment by its officials, in the exercise of their discretionary decision making powers and duties, would be contrary to the public policy established by the General Assembly. This is particularly true of a decision to parole or release a prisoner, "one of the most difficult, sensitive and complicated decisions that must be made in the criminal justice system." *Flaim v. State* (1975), 30 Ill. Ct. Cl. 635, 639.

We have reexamined the *Flaim* decision and now overrule it. The Local Governmental and Governmental Employees Tort Immunity Act by its express terms does not include the State of Illinois or its employees. Additionally, the Court of Claims Act (705 ILCS 505/1 *et seq*) expressly provides that the Court of Claims has jurisdiction to consider "[A]ll claims against the State for damages sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit * * *." (705 ILCS 505/8(d).) For these reasons, *Flaim* is overruled.

6. The Respondent also urges that the State is immune from liability for injuries arising from the determination of its officers and employees to release or parole a prisoner. The instant Claimant's injuries were a result of the State's alleged negligence in paroling a mentally disturbed prisoner.

7. In *Larson v. Darnell* (1983), 113 Ill. App. 3d 975, 448 N.E.2d 249, a case brought by Claimant against the

individual officials who released the offender who raped and murdered Claimant's decedent, Victoria J. Larson, a twelve-year old minor, the Court stated:

"It is well established that a public official is immune from individual liability for the performance of discretionary duties undertaken in good faith. (*Mora v. State* (1977), 68 Ill. 2d 223, 12 Ill. Dec. 161, 369 N.E.2d 868; *People ex rel Scott v. Briceland* (1976), 65 Ill. 2d 485, 3 Ill. Dec. 739, 359 N.E.2d 149.) The circuit court entered a finding that the action of Franzen in releasing Darnell and the action of Stanbary in supervising Darnell, were, from a factual standpoint ministerial, but also determined that the conduct of both men was discretionary as a matter of law. We believe these two findings are conflicting, because by definition, a purely ministerial act is one which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own discretion upon the propriety of the act being done. We believe the circuit court was correct when it found that the actions of Stanbary and Franzen required both to exercise their discretion or judgment, and we believe the court was incorrect when it found that the actions of both men were ministerial. We agree with the defendants, who assert in their brief that under the State's Juvenile Release Program, the decisions respecting whom to parole, when to parole, and where to place the parolee and how to help the ex-offender adjust into a free society necessarily involve discretion and balancing the rights of the ex-offender against the rights of the community into which he is placed. Hence, we conclude that Franzen and Stanbary are immune from suit for the official acts complained of by the plaintiff Estate, even if, as alleged, the acts were negligently performed, because in the performance of those acts it was necessary to exercise judgment or discretion. *Mora v. State*; *People ex rel Scott v. Briceland.*

\* \* \*

Public officials immunity is conditioned on the good faith exercise of discretion and extends to acts undertaken in the exercise of that discretion not resulting from corrupt or malicious motives. (*Thiele v. Kennedy* (1974), 18 Ill. App. 3d 465, 309 N.E.2d 394.) The complaint here in question sets forth no allegation of corrupt motives, malicious motives, or the intentional misuse of power."

Gayle Franzen was then the Director of the Illinois Department of Corrections, and James E. Stanbary was Darnell's parole officer.

8. When a court of competent jurisdiction finds State employees to be immune and dismisses a suit, the State is immune under the doctrine of *respondeat superior*. The issue of immunity is *res judicata* and requires dismissal of this claim.

It is therefore ordered, adjudged and decreed that the motion to dismiss is granted, and this claim is dismissed and forever barred.