(No. 86-CC-3344–)

STEPHEN LEHMAN, Individually and as Father and Next Friend of MATTHEW LEHMAN, and DEBORAH LEHMAN, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 21, 1991.*

ORA J. BAER II, for Claimants.

ROLAND W. BURRIS, Attorney General (CLAIRE TAYLOR, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause coming before the Court on Respondent's motion to dismiss, due notice having been given, and the Court being fully advised in the premises finds

that the Claimants herein allege certain torts arising from the hospitalization of their minor child, Matthew Lehman, against the wishes of his parents, which matter was acted upon by the Illinois Department of Children and Family Services through its employee Kathy McDonald, having received a report concerning the child's leg injury from Dr. Frank Stephens. Further that these matters were previously before the circuit court of Champaign County and the appellate court of the fourth district of Illinois in a proceeding against Dr. Frank Stephens and Kathy McDonald, among others. The said proceedings were ultimately dismissed by the court. Certainly the issues previously decided, namely that Dr. Stephens, upon whose report the Illinois Department of Children and Family Services relied, was entitled to statutory immunity under Ill. Rev. Stat., ch. 23, pars. 2055, 2059, and that the court had no jurisdiction over any claim against DCFS employee Kathy McDonald (because it was a *respondeat superior* claim against the State) are now *res judicata*. Further, it is absolutely clear that both Dr. Stephens and Kathy McDonald are squarely encompassed by the statutory immunity conferred by the Abused and Neglected Child Reporting Act. Noting the absence of any allegations of malice on the part of the State's employee, and the appellate court's finding that there was none, she is entitled to public official immunity. (*Larson v. Darnell* (1983), 113 Ill. App. 3d 975, 448 N.E.2d 249; *Mid America Trust Co. v. Moffatt* (1987), 158 Ill. App. 3d 372.) It is proper and in keeping with our own prior decisions to extend the immunity of the employee to her employer, the State of Illinois. (*Hunt v. State* (1979), 32 Ill. Ct. Cl. 443; *Flaim v. State* (1975), 30 Ill. Ct. Cl. 635.) To decline to do so would frustrate public policies and legislative purposes of the Abused and Neglected Child Reporting

Act, because liability could only be founded upon an error in judgment in making a discretionary decision in good faith. The immunity of the State is an absolute bar to the instant cause, and there is no cause of action stated by Claimants upon which relief could be granted. It is therefore ordered that this cause is dismissed with prejudice.